

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

**DONNAHUE GEORGE**,
Plaintiff,
v.
**SAMUEL BANKMAN-FRIED, CAROLINE ELLISON,
ALAMEDA RESEARCH LLC, FTX TRADING LTD.,
CM-EQUITY AG, DTCC, FINRA,** and
**JOHN DOES 1–50,**
Defendants.

Case No.: _____

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

**(Fed. R. Civ. P. 65)**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff **Donnahue George**, appearing pro se, respectfully moves this Court for the entry of a **Preliminary Injunction** to prevent Defendants and their agents, officers, and affiliates from continuing to engage in unlawful market manipulation involving **synthetic AMC tokenized shares**.

In support of this Motion, Plaintiff states as follows:

---

## I. INTRODUCTION

This Motion seeks to halt the **ongoing issuance, trade, and use of over 400 million unbacked AMC tokenized shares**, which Defendants falsely claimed were "backed 1:1 by AMC common stock." In truth, no such AMC shares existed, and these tokens were fraudulently used as "locates" for illegal naked short sales under **SEC Regulation SHO**.

Criminal proceedings in the Southern District of New York confirm that Defendants **Sam Bankman-Fried** and **Caroline Ellison** knowingly participated in this fraudulent scheme through **FTX** and **Alameda Research**, harming Plaintiff and the integrity of public markets.

---

## II. STATEMENT OF FACTS

1. On or around late 2022, **FTX Trading Ltd.**, controlled by Sam Bankman-Fried, began offering over **400 million "AMC Tokenized Shares"**, marketed as fully backed by AMC common stock held by **CM-Equity AG**.

2. In reality, **CM-Equity had terminated its custodial relationship with FTX in December 2021**, and **FTX did not own or hold any real AMC stock**.
3. Nonetheless, these tokenized shares were used as "**locates**" under **SEC Rule 203(b)(1)** to **enable naked short selling** in violation of Regulation SHO.
4. These fraudulent transactions flooded the market with synthetic AMC shares, **suppressing AMC's price** and causing **over $2,000,000 in damages to Plaintiff**.
5. Both **Bankman-Fried** and **Ellison** have now been **criminally convicted or have pleaded guilty** to federal securities and wire fraud in *United States v. Bankman-Fried* and *United States v. Ellison*.
6. The manipulation continues to distort AMC's price and investor confidence.

## III. LEGAL STANDARD

To obtain a preliminary injunction under **Fed. R. Civ. P. 65(a)**, a movant must show:

1. **A likelihood of success on the merits**;
2. **A likelihood of irreparable harm** in the absence of relief;
3. That the **balance of equities favors the movant**; and
4. That an injunction is in the **public interest**.
   (*Winter v. NRDC*, 555 U.S. 7, 20 (2008)).

## IV. ARGUMENT

### A. Plaintiff is Likely to Succeed on the Merits

Plaintiff has pleaded actionable claims under:

- **Section 10(b) and Rule 10b-5** (Securities Fraud);
- **Section 9(a)(2)** (Market Manipulation);
- **Regulation SHO (Rule 203(b)(1))** (Illegal Locates);
- **Civil RICO (18 U.S.C. § 1962(c), (d))**; and
- **Sherman Act §§ 1–2** (Conspiracy to Suppress Price).

Public record, trial testimony, and federal indictments confirm that Defendants fraudulently issued unbacked AMC tokens and manipulated the market. (*SEC v. Lek Sec. Corp.*, 276 F. Supp. 3d 49 (S.D.N.Y. 2017)).

### B. Plaintiff Faces Irreparable Harm

The continued presence of **synthetic AMC tokens** in circulation suppresses Plaintiff's remaining AMC share value. This **ongoing price distortion cannot be remedied solely by money damages**, and constitutes irreparable harm. (*See Basic Inc. v. Levinson*, 485 U.S. 224 (1988)).

### C. Balance of Equities Favors Plaintiff

Defendants have no lawful interest in issuing or trading unbacked tokenized securities. Preventing further manipulation protects legitimate shareholders.

### D. The Public Interest Strongly Supports an Injunction

Public equity markets rely on integrity, transparency, and real supply and demand. Unchecked synthetic asset creation undermines confidence and violates core securities laws. Courts recognize that protecting **market integrity** is a critical public interest. (*SEC v. Unifund SAL*, 910 F.2d 1028 (2d Cir. 1990)).

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **Enjoin Defendants** from issuing, clearing, or trading synthetic AMC shares not backed 1:1 by real AMC stock;
2. **Enjoin the use of such tokens** as "locates" for short sales under Regulation SHO;
3. **Grant any further equitable relief** the Court deems just.

Respectfully submitted,

/s/ Donnahue George
**Pro Se Plaintiff**
1012 NW 2nd Street
Fort Lauderdale, FL 33311
Email: DonnahueGeorge@gmail.com
Phone: (347) 216-5257
Date: November 4 2025