## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 25-62222-Civ-PMH

**DONNAHUE GEORGE,**

      **Plaintiff,**

    *v.*

**SAMUEL BANKMAN-FRIED, ET AL.,**

      **Defendants.**

_____/

### THE DEPOSITORY TRUST & CLEARING CORPORATION'S
### MOTION TO DISMISS THE COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant The Depository Trust & Clearing Corporation ("DTCC") respectfully moves to dismiss with prejudice the Complaint of Plaintiff Donnahue George ("Plaintiff").

### BACKGROUND

DTCC is part of the financial infrastructure of the U.S. securities markets. DTCC, a holding company, acts through its subsidiaries, including National Securities Clearing Corporation ("NSCC") and The Depository Trust Company ("DTC"). DTC is the nation's "principal securities depository" and "operates an automated, centralized system for book-entry transfers of securities positions among its participants, the beneficial owners of the securities, in accordance with their instructions." *Whistler Invs., Inc. v. Depository Tr. & Clearing Corp.*, 539 F.3d 1159, 1163 (9th Cir. 2008) (citing Depository Trust Co., Exchange Act Release No. 34-20221, 48 Fed. Reg. 45,167, 45,178-79 (Oct. 3, 1983)). NSCC provides central counterparty clearance and settlement services, guaranteeing payment and delivery of securities between its members for virtually all transactions

1

in equities and other types of securities in the United States. *Id.*  In these roles, DTC and NSCC are each registered with and regulated by the Securities and Exchange Commission ("SEC") as a registered clearing agency and a self-regulatory organization (SRO). *See generally Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 776-77 (8th Cir. 2009); *Whistler*, 539 F.3d at 1163; Shortening the Securities Transaction Settlement Cycle, Exchange Act Release No. 34-96930, 88 Fed. Reg. 13,872, 13,900 n.324 (Mar. 6, 2023).[1]  As SROs regulated by the SEC, DTC and NSCC are entitled to absolute immunity for all "conduct 'aris[ing] out of the discharge of its duties under the Exchange Act.'" *Dexter v. Depository Tr. & Clearing Corp.*, 406 F. Supp. 2d 260, 264 (S.D.N.Y. 2005) (quoting *D'Alessio v. N.Y. Stock Exch.*, 258 F.3d 93, 104 (2d Cir. 2001)).  Against this backdrop, Defendant DTCC respectfully moves the Court to dismiss it with prejudice from this action.[2]

## **INTRODUCTION**

DTCC must be dismissed from this action because the Complaint presents threadbare allegations that DTCC "failed to act" and "took no meaningful enforcement action" in the face of transactions that Plaintiff purports were unlawful. Compl. ¶¶ 15, 26. These allegations do not suffice to state any plausible claim for relief against DTCC as required to survive a motion to dismiss under Rule 12(b)(6).  Further, Plaintiff's claims sounding in fraud come nowhere near satisfying the heightened pleading standards of Rule 9(b), and Plaintiffs' securities claims cannot meet the pleading requirements of the Private Securities Litigation Reform Act ("PSLRA").

Separately, DTCC should be dismissed with prejudice from this action because the few

---

[1] "The contents of the *Federal Register* shall be judicially noticed." 44 U.S.C. § 1507.

[2] Based on the nature of the matters described in the Complaint and the few limited allegations concerning DTCC, which are described below, DTCC interprets allegations concerning it to reference NSCC's and DTC's clearing and settlement functions.  Accordingly, for purposes of this motion, unless context suggests otherwise, references to "DTCC" also refer to NSCC and DTC.

allegations that Plaintiff makes about DTCC demonstrate that Plaintiff's only possible claims arise out of DTCC's regulatory duties. The gist of the claims against other defendants confirms that the only possible factual nexus to DTCC concerns its regulatory functions. Therefore, Plaintiff's claims against DTCC are barred by DTCC's absolute immunity as an SRO, just as they would be in any future amended complaint. The Court should dismiss DTCC from this action with prejudice.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, nor does a complaint … [that] tenders naked assertions devoid of further factual enhancement." *Id.* at 678 (cleaned up).[3]

Any claims that sound in fraud face an additional requirement under Federal Rule of Civil Procedure 9(b) to state with particularity the "who, what, when, where, and how of the fraud alleged," and "[f]ailure to satisfy Rule 9(b) is [another] ground for dismissal of a complaint." *Al Rushaid Petro. Inv. Co. v. Siemens Energy Inc.*, 159 F.4th 887, 896 (11th Cir. 2025). Claims under Sections 9(a) and 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") face yet another hurdle beyond Rule 9(b) with the PSLRA's requirement to "specify each statement alleged to have

---

[3] Plaintiff is proceeding in this matter *pro se*, but the Court should not grant Plaintiff the typical leniency afforded to *pro se* parties in construing their pleadings because he is, in fact, a disbarred attorney. *See, e.g.*, *Stuart v. Ryan*, No. 18-14244-CIV-MARTINEZ-MAYNARD, 2019 WL 1235024, at *1 (S.D. Fla. Mar. 11, 2019), *vacated in part on other grounds*, 818 F. App'x 858 (11th Cir. 2020) ("While Plaintiff is *pro se*, this Court notes that she is not entitled to the leniency often afforded to traditional *pro se* litigants as she is in fact an attorney … and the recent suspensions of her law license do not lessen that." (cleaned up)); *see also In re George*, 58 A.D.3d 267, 269 (N.Y. App. Div. 2008) (documenting Plaintiff's disqualification to practice law).

been misleading" and "the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1)(B); *see Kosowsky v. Icahn Enters. L.P.*, 748 F. Supp. 3d 1303, 1310 (S.D. Fla. 2024); *In re January 2021 Short Squeeze Trading Litig.*, 620 F. Supp. 3d 1231, 1246-47 (S.D. Fla. 2022).

## ARGUMENT

The Complaint makes only two allegations about DTCC:

- "DTCC facilitated settlement of transactions involving synthetic AMC shares and failed to act despite obvious manipulation and persistent failures to deliver." Compl. ¶ 15.

- "Despite having access to this data and an obligation to investigate, DTCC and FINRA took no meaningful enforcement action, allowing the manipulation to continue." *Id.* ¶ 26.

Plaintiff does not specifically name DTCC as a defendant in any of the Complaint's six counts.  However, all counts except Count III (violation of Regulation SHO) contain conclusory assertions that an undifferentiated group of "Defendants" engaged in the counts' respective conduct. This type of conclusory group pleading itself is sufficient grounds to dismiss DTCC. Moreover, the Complaint's two allegations against DTCC fail to meet the pleading standards for any of the five counts that could possibly be construed to be brought against DTCC (Counts I, II, IV, V, and VI), and the Court should dismiss all of them.  The Court should dismiss the claims with prejudice because any amendment would necessarily bring claims premised on SRO regulatory conduct that are barred by absolute immunity.

I.     **The Complaint Fails To State A Claim Against DTCC Upon Which Relief Could Be Granted.**

A.     **The Complaint Does Not Adequately Plead Either Claim Brought Under the Exchange Act (Counts I and II).**

Count I asserts a securities fraud claim under Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. *See* Compl. ¶¶ 28-31.  Count II asserts a market manipulation claim under

Section 9(a)(2) of the Exchange Act. *See id.* ¶¶ 32-33.  To survive a motion to dismiss, both claims must pass a three-tiered pleading standard: a) the plausibility requirement of *Twombly*; b) the requirement of Rule 9(b) to plead fraud-based claims with particularity; and c) the PSLRA requirement to specify why alleged statements were misleading. *See Kosowsky*, 748 F. Supp. 3d at 1310; *In re January 2021*, 620 F. Supp. 3d at 1246-47.  Plaintiffs' two brief and conclusory allegations about DTCC do not pass even the first hurdle, let alone the next two.

To state a securities fraud claim, Plaintiff must "allege the following elements: (1) a material misrepresentation or omission; (2) made with scienter; (3) a connection with the purchase or sale of a security; (4) reliance on the misstatement or omission; (5) economic loss; and (6) a causal connection between the misrepresentation or omission and the loss, commonly called 'loss causation.'" *Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1317 (11th Cir. 2019).  As to DTCC, the bare allegations that it "facilitated settlement of transactions" and "took no meaningful enforcement action," Compl. ¶¶ 15, 26, fail to identify any misrepresentation whatsoever by DTCC, let alone establish any of the six elements of a securities fraud claim or meet the PSLRA's requirement to specify misleading statements. *See Kosowsky*, 748 F. Supp. 3d at 1323.   These allegations also do not describe any fraud by DTCC, let alone plead a securities fraud claim with the particularity required by Rule 9(b). *See id.*  If anything, these allegations simply describe DTCC's regulatory functions. *See* Compl. ¶¶ 15, 26.  The court must therefore dismiss Count I. *See, e.g.*, *Kosowsky*, 748 F. Supp. 3d at 1323; *Mason v. Lanham*, No. 18-20965-Civ-WILLIAMS/TORRES, 2019 WL 5260273, at *3 (S.D. Fla. June 20, 2019), *R&R adopted*, 2019 WL 5260173 (S.D. Fla. July 22, 2019) ("Plaintiff's complaint falls short … because it does not allege any of the required elements to a claim under § 10(b) and Rule 10b-5."); *see also Mathew v. Citigroup Global Mkts. Inc.*, No. 23-12302-FDS, 2024 WL 303513, at *3 n.8 (D. Mass. June

17, 2024) (dismissing securities fraud case as to DTCC for failure to state a claim against it).

To state a claim for market manipulation as Count II purports to do, Plaintiff must allege five elements: "(1) a series of transactions in a security creating actual or apparent trading in that security or raising or depressing the price of that security, (2) carried out with scienter, (3) for the purpose of inducing the security's sale or purchase by others, [that] (4) was relied on by the plaintiff; (5) and affected plaintiff's purchase or selling price." *In re January 2021*, 620 F. Supp. 3d at 1247 (quoting *Chemetron Corp. v. Bus. Funds, Inc.*, 682 F.2d 1149, 1164 (5th Cir. 1982)). As with Count I, Plaintiff's allegations regarding DTCC fail to establish any of these elements. Plaintiff does not claim—and could not in good faith claim—that DTCC even trades securities, let alone that it did so with the intent to manipulate prices and induce Plaintiff to trade. The Court must dismiss DTCC on Count II. *See, e.g.*, *One v. Top Ships, Inc.*, 806 F. App'x 64, 68, 68 n.4 (2d Cir. 2020) (affirming dismissal of market manipulation claim because "Plaintiffs' allegations of a manipulative act [were] fatally conclusory").

### B.     The Complaint Does Not Adequately Plead Common Law Fraud (Count IV).

The elements of common law fraud are: "(1) a false statement or an omission of material fact, (2) knowledge of the statement's falsity, (3) intent to induce reliance, and (4) injury resulting from the plaintiff's relying on the statement." *E.g.*, *Myers v. Provident Life & Acc. Ins. Co.*, 564 F. Supp. 3d 1157, 1181 (M.D. Fla. 2021) (citing *Ward v. Atl. Sec. Bank*, 777 So. 2d 1144, 1146 (Fla. Dist. Ct. App. 2001)). As with Plaintiff's securities fraud claim, none of the allegations concerning DTCC point to any misstatement or omission of material fact by DTCC, let alone plead them with particularity. *See* Compl. ¶¶ 15, 26. They also do not sufficiently plead any of the other three elements of common law fraud under Florida law. *See id.* Plaintiff therefore has not sufficiently alleged Count IV against DTCC, and so the Court must dismiss the claim. *See Myers*,

564 F. Supp. 3d at 1184 (dismissing common law fraud claim both for missing essential elements and for failing to meet the pleading requirement of Rule 9(b)).

### C.    The Complaint Does Not Adequately Plead Civil RICO (Count V).

"A private plaintiff suing under the civil provisions of RICO must plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020).  Here, Plaintiff alleges wire fraud and securities fraud as predicate acts to support his civil RICO claim, *see* Compl. ¶ 37, and thus this count also faces the heightened pleading requirements of Rule 9(b). *See Pearn v. Nocco*, No. 8:20-cv-02999-MSS-SPF, 2022 WL 19226195, at *7 (M.D. Fla. Mar. 28, 2022) (collecting cases).  Plaintiff's bare-bones allegations that DTCC performed its regular clearing functions and declined to take some unspecified enforcement action, *see* Compl. ¶¶ 15, 26, do not allege any of the six elements of a civil RICO claim at all, and they certainly fail to plead with particularity any predicate act of wire fraud or securities fraud.  The Court must therefore dismiss this claim, as well. *See, e.g.*, *Cisneros*, 972 F.3d at 1211.

Further, under the PSLRA, securities fraud cannot serve as the predicate offense to bring a civil RICO claim unless brought against a person who has been criminally convicted. *See* 18 U.S.C. § 1964(c); *Eagletech Commc'ns Inc. v. Citigroup, Inc.*, No. 07-60668-CIV, 2008 WL 3166533, at *9 (S.D. Fla. June 27, 2008).  Plaintiff pleads securities fraud as a predicate act, but Plaintiff has not—nor could he in good faith—plead that DTCC has been criminally convicted of securities fraud. *See* Compl. ¶¶ 15, 37-38.  Plaintiff has alleged the criminal convictions of two *other* defendants, *id.* ¶¶ 10-11, 38, but these allegations do not make a civil RICO claim available

against DTCC. *See, e.g., Eagletech*, 2008 WL 3166533, at *9-*11, *14 (dismissing with prejudice civil RICO claim based on securities fraud as to all defendants except one who had a criminal conviction). Finally, Plaintiff lists wire fraud and money laundering as two other predicate acts to support this civil RICO claim, *see* Compl. ¶ 37, but "[a] plaintiff cannot circumvent the PSLRA's exclusion of securities fraud as a RICO predicate act through artful pleading." *Eagletech*, 2008 WL 3166533, at *9 (quoting *Gatz v. Ponsoldt*, 297 F. Supp. 2d 719, 713 (D. Del. 2003)). Courts look beyond the formal predicate offenses plead in the complaint to consider the substance of the allegations and then dismiss civil RICO claims sounding in securities fraud. *See id.* (collecting cases). The Court also must dismiss the civil RICO claim against DTCC for this independent reason.

> **D.    The Complaint Does Not Adequately Plead An Antitrust Violation (Count VI).**

Finally, Plaintiff purports to bring antitrust claims against this case's defendants, seemingly under Sections 1 and 2 of the Sherman Act. *See* Compl. ¶¶ 40-42 (naming Sections 1 and 2 of the Sherman Act in Count VI's header). The two allegations in the Complaint concerning DTCC do not mention any conduct that could be construed as price-fixing or monopolization, but instead allude to, if anything, some alleged deficiency in DTCC's fulfillment of its regulatory functions. *See id.* ¶¶ 15, 26. These allegations have nothing to do with any conduct implicating the antitrust laws. *See Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1069 (11th Cir. 2004) ("Section One of the [Sherman] Act prohibits contracts, combinations and conspiracies in restraint of trade, while Section Two prohibits monopolization, attempted monopolization and conspiracy to monopolize."). Further, the Complaint's conclusory allegations that defendants "conspired to artificially suppress" a price or "attempted monopolization of price discovery" are not sufficient to state an antitrust claim at all. *See, e.g., Twombly*, 550 U.S. at 557

("[A] conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.").  Because none of the allegations about DTCC in the Complaint implicate antitrust conduct in any way, the Court must also dismiss the antitrust claim as to DTCC. *See, e.g.*, *Hydration Station USA Franch. Sys., LLC v. Seaverns*, No. 1:19-cv-05192-LMM, 2021 WL 12104571, at *5 (N.D. Ga. Jan. 8, 2021) (dismissing antitrust claim where "[t]he Sherman Act does not proscribe [the alleged] conduct").

## II.  The Court Should Dismiss With Prejudice As To DTCC Because Any Claim Against It Would Be Barred By Its Absolute Immunity As An SRO.

The Court should dismiss with prejudice.  The claims against DTCC in the current Complaint fail to state any claim. *See* Part I, *supra*.  The Complaint, however, does demonstrate that Plaintiff believes DTCC to be somehow liable for failures of oversight in its capacity as a regulatory body by "facilitat[ing] settlement of transactions … despite obvious manipulation" and "t[aking] no meaningful enforcement action, allowing the manipulation to continue … [d]espite having access to th[e] data and an obligation to investigate." Compl. ¶¶ 15, 26.  But SROs like DTCC are protected by absolute immunity when they perform their regulatory functions. *Gallagher v. Fin. Indus. Reg. Auth., Inc.*, No. 21-13605, 2022 WL 1815594, at *2 (11th Cir. June 3, 2022) (citing *Weissman v. Nat'l Ass'n of Secs. Dealers, Inc.*, 500 F.3d 1293, 1297 (11th Cir. 2007)).  When, as here, a complaint's allegations relate to an SRO's regulatory functions, the Court must dismiss any claims against the SRO premised on these allegations and should do so with prejudice because no conceivable claim could hope to "pierce [the SRO's] quasi-governmental immunity for the performance of its delegated regulatory duties." *Id.* at *3.

The regulatory model established by the federal securities laws depends on regulatory functions conducted by private SROs. *See, e.g.*, *In re Series 7 Broker Qualification Exam Scoring Litig.*, 548 F.3d 110, 114 (D.C. Cir. 2008).  This model works in part because SROs are immune

"from suit for conduct falling within the scope of the SRO's regulatory and general oversight functions." *D'Alessio*, 258 F.3d at 105; *accord Gallagher*, 2022 WL 1815594, at *2. "This immunity extends both to affirmative acts as well as to an SRO's omissions or failure to act." *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 637 F.3d 112, 115 (2d Cir. 2011). Moreover, there is no fraud exception to SRO immunity. *See, e.g.*, *Empire Fin. Grp., Inc. v. Fin. Indus. Reg. Auth., Inc.*, No. 08-80534-CIV-RYSKAMP/VITUNAC, 2009 WL 10644856, at *6-*7 (S.D. Fla. Jan. 15, 2009).

The gist of Plaintiff's claims is that he purportedly suffered from a scheme by other defendants—but *not* DTCC—to represent that certain tokens were backed by true shares of AMC common stock when they, in fact, were not. *See* Compl. ¶¶ 18-27. As to DTCC, Plaintiff alleges only that it (and FINRA, another SRO) "facilitated settlement" and "took no meaningful enforcement action, allowing the manipulation to continue." *Id.* ¶¶ 15, 26. "[F]acilitating securities transactions [is an] exercise[] of quasi-governmental regulatory authority under the Exchange Act, so DTCC is entitled to absolute immunity from liability for the complained-of conduct." *Hofman v. Fidelity Brokerage Servs., LLC*, No. No. 2:23-cv-00881-MCS-PVC, 2023 WL 3872564, at *7 (C.D. Cal. May 8, 2023); *accord Dexter*, 406 F. Supp. 2d at 264-65. Likewise, "enforcement action," as stated by Plaintiff, is among an SRO's core functions. *See, e.g. Park v. Fin. Indus. Reg. Auth., Inc.*, No. 2:23-CV-69-RWS, 2023 WL 11795601, at *6-*7 (N.D. Ga. Sept. 25, 2023) (dismissing with prejudice suit against an SRO related to its regulatory decision to halt trading of a security). Therefore, because any suit based on the factual locus of this Complaint would describe conduct subject to DTCC's SRO immunity, neither the current Complaint not any conceivable repleading of it could give rise to liability. Thus, as many courts (including the Eleventh Circuit) have found in analogous circumstances, dismissal of DTCC

from this action should be with prejudice. *See, e.g.*, *Gallagher*, 2022 WL 1815594, at *3; *Park*, 2023 WL 11795601, at *6-*7; *Hensley v. TD Ameritrade Inc.*, No. 3:23-cv-05159-DGE, 2023 WL 12068975, at *2-*4, *8 (W.D. Wash. Oct. 2, 2023); *Conover v. Fin. Indus. Reg. Auth., Inc.*, No. 14-cv-03065-MEJ, 2014 WL 4273305, at *5 (N.D. Cal. Aug. 28, 2014).

<u>**CONCLUSION**</u>

For the foregoing reasons, this Court should dismiss DTCC from this action, and it should do so with prejudice.

Dated: January 5, 2026

Respectfully submitted,

*/s/ Curtis Carlson*
Curtis Carlson
FBN 236640
**CARLSON & ASSOCIATES, P.A.**
2655 S. Le Jeune Road, Ste. 1108
Coral Gables, FL 33134
(305) 372-9700
carlson@carlson-law.net

Gregory M. Boyle (*pro hac vice*)
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654
(312) 923-2651
GBoyle@jenner.com

*Attorneys for Defendant The Depository Trust & Clearing Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 5, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, thereby serving all counsel of record with active ECF filing status. I further certify that on January 5, 2026, after effectuating electronic filing, I will cause to be served a copy of the foregoing document via email and U.S. mail upon the following:

Donnahue George
1012 N.W. 2nd Street
Fort Lauderdale, FL 33311

Dated: January 5, 2026

/s/ *Curtis Carlson*_____
Curtis Carlson