UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-62222-Civ-PMH

DONNAHUE GEORGE,

      **Plaintiff,**

  v.

SAMUEL BANKMAN-FRIED, ET AL.,

      **Defendants.**

_____/

### THE DEPOSITORY TRUST & CLEARING CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

The Court should deny Plaintiff Donnahue George's ("Plaintiff") Motion for Preliminary Injunction, ECF No. 3 (the "Motion"). Plaintiff's legal claims are frivolous, and he does not even attempt to satisfy the factors for obtaining a preliminary injunction.

### BACKGROUND AND INTRODUCTION

DTCC is part of the financial infrastructure of the U.S. securities markets. DTCC, a holding company, acts through its subsidiaries, including National Securities Clearing Corporation ("NSCC") and The Depository Trust Company ("DTC"). DTC is the nation's "principal securities depository" and "operates an automated, centralized system for book-entry transfers of securities positions among its participants, the beneficial owners of the securities, in accordance with their instructions." *Whistler Invs., Inc. v. Depository Tr. & Clearing Corp.*, 539 F.3d 1159, 1163 (9th Cir. 2008) (citing Depository Trust Co., Exchange Act Release No. 34-20221, 48 Fed. Reg. 45,167, 45,178-79 (Oct. 3, 1983)). NSCC provides central counterparty clearance and settlement services, guaranteeing payment and delivery of securities between its members for virtually all transactions

1

in equities and other types of securities in the United States. *Id.* In these roles, DTC and NSCC are each registered with and regulated by the Securities and Exchange Commission ("SEC") as a registered clearing agency and a self-regulatory organization ("SRO"). *See generally Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 776-77 (8th Cir. 2009); *Whistler*, 539 F.3d at 1163; Shortening the Securities Transaction Settlement Cycle, Exchange Act Release No. 34-96930, 88 Fed. Reg. 13,872, 13,900 n.324 (Mar. 6, 2023).[1] As SROs regulated by the SEC, DTC and NSCC[2] are entitled to absolute immunity for all "conduct 'aris[ing] out of the discharge of its duties under the Exchange Act.'" *Dexter v. Depository Tr. & Clearing Corp.*, 406 F. Supp. 2d 260, 264 (S.D.N.Y. 2005) (quoting *D'Alessio v. N.Y. Stock Exch.*, 258 F.3d 93, 104 (2d Cir. 2001)).

Against this backdrop, Defendant DTCC has moved this Court to dismiss with prejudice the entirety of this action as to DTCC. In its Motion to Dismiss, ECF No. 20 ("MTD"), DTCC explains that the few conclusory allegations concerning DTCC in this action's Complaint do not state any claim upon which relief can be granted, and that DTCC's absolute immunity as an SRO means that Plaintiff never will be able to state such a claim. Therefore, the Court should dismiss DTCC from this action with prejudice. Because this Court can and should dismiss DTCC with prejudice from this action, the Court should also deny the Motion because Plaintiff plainly cannot establish a likelihood of success on the merits. Also, the Motion makes no showing whatsoever of irreparable harm, a balance of equities in favor of Plaintiff, or that the public interest favors Plaintiff's proposed injunction.

Plaintiff's Motion for Preliminary Injunction is meritless, and the Court should deny it.

---

[1] "The contents of the *Federal Register* shall be judicially noticed." 44 U.S.C. § 1507.
[2] Based on the nature of the matters described in the Complaint, ECF No. 1, and the few limited allegations concerning DTCC within it, DTCC interprets allegations concerning it to reference NSCC's and DTC's clearing and settlement functions. Accordingly, for purposes of this Response, unless context suggests otherwise, references to "DTCC" also refer to NSCC and DTC.

## LEGAL STANDARD

A preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (internal quotation marks omitted). These prerequisites are: (1) a "substantial likelihood of success on the merits"; (2) "irreparable injury" absent an injunction; (3) a balance of the equities in the plaintiff's favor; and (4) that the injunction would not be "adverse to the public interest." *Id.* A plaintiff must satisfy "all four prerequisites." *Brown v. Sec'y, U.S. Dep't of Health & Hum. Servs.*, 4 F.4th 1220, 1225 (11th Cir. 2021), *vacated on other grounds*, 20 F.4th 1385 (11th Cir. 2021) (internal quotation marks omitted). Plaintiff has not met his burden to satisfy any of the four prerequisites.

## ARGUMENT

As demonstrated in DTCC's Motion to Dismiss, all Plaintiff's claims against DTCC fail because they do not state a cause of action upon which relief can be granted. *See* MTD at 4-9. And Plaintiff will never be able to state a cause of action even upon amendment because Plaintiff's claims relate to DTCC's regulatory functions and are therefore barred by the absolute immunity that protects SROs. *See* MTD at 9-11. For these same reasons, Plaintiff cannot demonstrate a likelihood of success on the merits. Additionally, Plaintiff cannot—and has not even tried to—meet the other requirements to obtain a preliminary injunction.

**I.  The Court Should Deny the Motion Because Plaintiff Fails to Show a Likelihood of Success on the Merits.**

The Complaint makes only two allegations about DTCC:

- "DTCC facilitated settlement of transactions involving synthetic AMC shares and failed to act despite obvious manipulation and persistent failures to deliver." Compl. ¶ 15.

- "Despite having access to this data and an obligation to investigate, DTCC and FINRA

took no meaningful enforcement action, allowing the manipulation to continue." *Id.* ¶ 26.

As explained in DTCC's Motion to Dismiss, Plaintiff has not and cannot state any claim for relief against DTCC. *See* MTD at 4-9. Where a motion to dismiss shows that a complaint's allegations are insufficient to state a claim or that those claims would be barred by immunity, the plaintiff necessarily cannot show a likelihood of success on the merits for the purposes of a contemporaneous preliminary injunction motion. *See, e.g.*, *Taveras v. Young*, No. 6:23-cv-1305-WWB-EJK, 2023 WL 7029620, at *3 (M.D. Fla. Sept. 27, 2023); *Shine v. Bank of Am. N.A.*, No. 1:14-cv-00333-SCJ-RGV, 2014 WL 12042534, at *9 (N.D. Ga. June 6, 2014). Plaintiff's bald assertion in the Motion that "[p]ublic record, trial testimony, and federal indictments confirm that Defendants fraudulently issued unbacked AMC tokens and manipulated the market," Mot. at 2, does nothing to change this result. It does not add anything substantive to the conclusory allegations against DTCC in the Complaint, which DTCC has demonstrated are insufficient. *See* MTD at 4-9. Further, nothing in the Motion overcomes the fact that the gist of Plaintiff's claims concern allegations for which DTCC would be immune: an alleged failure to take regulatory action against some supposed market fraud. *See id.* at 9-11.

Plaintiff has not and cannot show a likelihood of success on the merits.

II. **The Court Should Deny the Motion on the Independent Grounds that Plaintiff Fails to Meet the Remaining Requirements For Injunctive Relief.**

Plaintiff has also failed to meet his burden to establish the other prerequisites for a preliminary injunction. "A preliminary injunction requires more than a likelihood of success on the merits—much more." *Brown*, 4 F.4th at 1225. Plaintiff also bears the burden of "clearly establish[ing]" the other prerequisites: irreparable injury, the balance of the equities, and public interest. *Siegel*, 234 F.3d at 1176. "A showing of irreparable injury is the sine qua non of injunctive

relief." *Id.* (internal quotation marks omitted).

Here, Plaintiff barebones assertions that he satisfies those other prerequisites are inadequate. Plaintiff's claim is that he lost money trading AMC stock. *See* Compl. ¶¶ 9, 23-25, 31. His bald assertion that money damages are not a sufficient remedy—"ongoing price distortion cannot be remedied solely by money"—does not change the nature of his claim. Mot. at 3. And where an injury is "purely financial in nature," it can be "redressed by money," and this circumstance "precludes a finding of irreparable harm." *Commods. & Minerals Enters., Ltd. v. Citibank, N.A.*, No. 12-22333-CIV-UNGARO/TORRES, 2012 WL 12844749, at *5 (S.D. Fla. Aug. 16, 2012) (citing *BellSouth Telecomms., Inc. v. MCIMetro Access Transmis. Servs., LLC*, 425 F.3d 964, 970 (11th Cir. 2005)). Similarly, Plaintiff's unsupported assertion that "[p]reventing further manipulation protects legitimate shareholders," Mot. at 3, does nothing to show any balance of equities in his favor, nor does a vague reference to the importance of "market integrity," *id.*, show how Plaintiff's proposed injunction would serve the public interest. *See Sun-Sentinel Co. v. City of Hollywood*, 274 F. Supp. 2d 1323, 1334 (S.D. Fla. 2003) (plaintiffs failing to demonstrate these two elements).

The Court should deny the motion on these additional, independent grounds.

## CONCLUSION

DTCC respectfully requests that this Court deny Plaintiff's Motion.

Dated: January 5, 2026                                  Respectfully submitted,

*/s/ Curtis Carlson*_____
Curtis Carlson
FBN 236640
**CARLSON & ASSOCIATES, P.A.**
2655 S. Le Jeune Road, Ste. 1108
Coral Gables, FL 33134
(305) 372-9700
carlson@carlson-law.net

5

        Gregory M. Boyle (*pro hac vice*)
        **JENNER & BLOCK LLP**
        353 N. Clark Street
        Chicago, IL 60654
        (312) 923-2651
        GBoyle@jenner.com

        *Attorneys for Defendant The Depository Trust & Clearing Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, thereby serving all counsel of record with active ECF filing status. I further certify that on January 5, 2026, after effectuating electronic filing, I will cause to be served a copy of the foregoing document via email and U.S. mail upon the following:

Donnahue George
1012 N.W. 2nd Street
Fort Lauderdale, FL 33311


Dated: January 5, 2026

/s/ *Curtis Carlson*_____
Curtis Carlson