UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-62222-CIV-PMH

DONNAHUE GEORGE,
Plaintiff,
v.
SAMUEL BANKMAN-FRIED, et al.,
Defendants.
_____/



FILED BY_____D.C.

JAN 1 3 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

# PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AS TO DEFENDANT FINRA

COMES NOW Plaintiff, Donnahue George, and files this Reply in further support of his Motion for Preliminary Injunction (ECF No. 3), and in opposition to Defendant FINRA's Response in Opposition (ECF No. 19), and states:

## I. INTRODUCTION

FINRA's opposition rests on three primary arguments: (1) FINRA is absolutely immune; (2) there is no private right of action; and (3) Plaintiff cannot show likelihood of success or meet the other prongs for preliminary injunctive relief. Each of these arguments fails.

FINRA's invocation of regulatory immunity and lack of a private right of action misapplies controlling authority and improperly attempts to shield willful regulatory inaction—even when such inaction enables systemic fraud in violation of the federal securities laws. More importantly, this Court retains equitable power to enjoin conduct that causes ongoing irreparable harm to public markets, especially where FINRA's failure to act threatens public confidence in market integrity.

## II. PLAINTIFF HAS SHOWN A LIKELIHOOD OF SUCCESS ON THE MERITS

### A. Regulatory Immunity Does Not Apply to Non-Discretionary Omissions that Enable Fraud

FINRA's absolute immunity is not without limits. Courts have uniformly held that SROs are immune only when acting within their delegated regulatory, adjudicatory, or prosecutorial functions. *See Weissman v. NASD*, 500 F.3d 1293, 1296 (11th Cir. 2007). But when an SRO exceeds its authority, fails to act in bad faith, or enables market manipulation in violation of

federal law, immunity does not attach. *DL Capital Group, LLC v. Nasdaq Stock Mkt., Inc.*, 409 F.3d 93, 98 (2d Cir. 2005).

FINRA's failure to enforce Regulation SHO against known failures-to-deliver and synthetic share creation is not a discretionary policy choice—it is a dereliction of a **mandatory oversight duty** under 15 U.S.C. § 78o-3(b)(6). That provision requires FINRA to enforce rules "to prevent fraudulent and manipulative acts and practices" and "protect investors and the public interest." Immunity does not protect **regulatory silence in the face of systemic market manipulation**.

Whether FINRA's conduct falls within the scope of protected activity is a **fact-intensive inquiry** inappropriate for resolution at this early stage. See *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1214 (9th Cir. 1998), abrogated on other grounds. The Court should defer immunity analysis until a full evidentiary record is developed.

### B. Plaintiff May Pursue Relief Under Federal Securities Laws and Common Law Principles

FINRA asserts no private right of action exists under the Exchange Act. But Plaintiff's claims are not solely predicated on FINRA's rulemaking. They arise from FINRA's **enabling of illegal activity** by failing to enforce rules designed to ensure fair markets, including Regulation SHO.

Multiple courts have allowed private actions to proceed when SROs act outside their delegated functions or fail to protect investors. *See Standard Inv. Chartered, Inc. v. NASD, Inc.*, 637 F.3d 112 (2d Cir. 2011); *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 96 (2d Cir. 2007). Moreover, the Court has equitable authority under *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949), to enjoin ultra vires actions by federal actors or their delegates.

---

## III. PLAINTIFF HAS PLED SUFFICIENT FACTS TO SUPPORT FRAUD, RICO, AND ANTITRUST CLAIMS

FINRA mischaracterizes Plaintiff's allegations as conclusory. Plaintiff alleged:

- FINRA had **access to persistent failures to deliver** AMC securities and known "naked short" activity;
- FINRA failed to take **any meaningful enforcement action**;
- This omission **enabled synthetic share inflation** and artificial price suppression, harming investors.

These facts support claims under:

- **Rule 10b-5** for fraudulent omissions (*Affiliated Ute Citizens v. United States*, 406 U.S. 128, 153–54 (1972));
- **Civil RICO**, via facilitation of enterprise activity through willful inaction and concealment (*Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020));

- **Sherman Act § 2**, as FINRA's refusal to enforce rules contributed to anti-competitive behavior by market actors (*U.S. Anchor Mfg. v. Rule Indus., Inc.*, 7 F.3d 986 (11th Cir. 1993)).

Plaintiff's Complaint contains detailed facts sufficient to satisfy *Twombly*, Rule 9(b), and the PSLRA at the pleading stage. At a minimum, any defects could be cured by amendment.

## IV. PLAINTIFF SATISFIES THE REMAINING INJUNCTION FACTORS

### A. Irreparable Harm

Plaintiff continues to hold AMC shares whose value is suppressed by market manipulation that FINRA allows to persist. Such price distortion is ongoing and cumulative. Courts recognize that **loss of investor confidence and price integrity constitutes irreparable harm**. *See SEC v. Unifund SAL*, 910 F.2d 1028, 1040 (2d Cir. 1990).

Money damages are inadequate because synthetic share creation distorts not only value but trust in market structure. Injunctive relief is the only remedy capable of halting this ongoing systemic failure.

### B. Balance of Equities

FINRA asserts it has no "lawful interest" in protecting manipulators from regulatory scrutiny. Plaintiff only seeks an injunction compelling FINRA to perform its **statutory duty** to enforce Regulation SHO. The balance clearly favors Plaintiff, whose investments are actively undermined by inaction.

### C. Public Interest

The public has a compelling interest in market integrity. "Transparency and compliance with federal securities laws are essential to the public's trust in capital markets." *SEC v. Citigroup Global Mkts. Inc.*, 752 F.3d 285, 294 (2d Cir. 2014).

Preliminary injunctions serve the public interest when they prevent manipulation, deter regulatory abdication, and protect investor confidence. *See CFTC v. British Am. Commodity Options Corp.*, 560 F.2d 135, 141 (2d Cir. 1977).

## V. CONCLUSION

For the foregoing reasons, this Court should **grant Plaintiff's Motion for Preliminary Injunction**. FINRA's defenses are premature and insufficient to deny emergency relief. The

equities and public interest demand action to halt further harm to Plaintiff and the investing public.

**Respectfully submitted,**
Dated: January 10, 2026

*[signature]*

**Donnahue George**
1012 N.W. 2nd Street
Fort Lauderdale, FL 33311
Pro Se Plaintiff
Email: DonnahueGeorge@gmail.com
Phone: 347 216-5257



Climate neutral shipping with DHL

GOGREEN

EXPRESS

**EXPRESS EASY**   XED
2026-01-09 DCVB 4.0 / *12-1403*
_DHL_

33301 FORT LAUDERDALE, UNITED STATES OF AMERICA

Origin: SDQ

## US – TMB – MMR

UNK

Day   Time

Ref Code GC 6,004.50

Content Description
DOCUMENTO

Date: 2026-01-09

Pce/Shpt Weight: ./0.5 LB

Piece: 1/1

WAYBILL 55.1836 6361

(2L)US8901+60000000

(J) JD01 4600 0124 7565 1639



FLIB A
EDD:1/13/2026
COMM
5518366361
PCS:1

DHL Express