UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-62222-CIV-PMH

DONNAHUE GEORGE,
Plaintiff,
v.
SAMUEL BANKMAN-FRIED, et al.,
Defendants.
_____/



# PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AS TO DEFENDANT DTCC

Plaintiff, Donnahue George, respectfully submits this Reply to the Response in Opposition (ECF No. 21) filed by The Depository Trust & Clearing Corporation ("DTCC") and in further support of his Motion for Preliminary Injunction (ECF No. 3).

## I. INTRODUCTION

DTCC's opposition rests on an overbroad assertion of regulatory immunity and the incorrect premise that Plaintiff's claims are legally frivolous. In fact, Plaintiff's motion alleges specific and plausible misconduct—namely, DTCC's knowing facilitation of synthetic securities settlement and its failure to intervene despite having access to data evidencing ongoing manipulation.

While DTCC insists that such conduct falls within the protective scope of self-regulatory functions, well-established case law confirms that **absolute immunity is limited**, and does not extend to **non-regulatory conduct, gross negligence, or bad faith omissions**. The motion satisfies each prong of the preliminary injunction standard, and DTCC's arguments fail to defeat the need for immediate equitable relief.

## II. PLAINTIFF HAS SHOWN A LIKELIHOOD OF SUCCESS ON THE MERITS

### A. DTCC's Regulatory Immunity Does Not Apply to Its Ultra Vires and Facilitating Conduct

DTCC invokes immunity by citing *Dexter v. Depository Tr. & Clearing Corp.*, 406 F. Supp. 2d 260 (S.D.N.Y. 2005), and similar cases, but such protection extends only to conduct "arising out of the discharge of duties under the Exchange Act". Immunity does not cover:

- **Failure to act when required by law**,
- **Conduct in bad faith**, or
- **Non-regulatory, operational decisions made as a market participant**.

See *DL Capital Group, LLC v. Nasdaq Stock Mkt., Inc.*, 409 F.3d 93, 98 (2d Cir. 2005); *NYSE Specialists Sec. Litig.*, 503 F.3d 89, 101 (2d Cir. 2007).

Plaintiff alleges that DTCC **knew of persistent failures to deliver and synthetic share creation**, yet failed to act or even notify regulatory counterparts. That is **not a protected adjudicative or regulatory function**, but a failure of duty that facilitates market manipulation. DTCC cannot claim immunity for passivity that results in harm to market participants.

These allegations are more than speculative: they are supported by public records, SEC guidance on Regulation SHO, and testimony from congressional hearings and criminal proceedings relating to AMC trading irregularities.

## B. Plaintiff States Viable Claims Under Federal Law

DTCC's claim that Plaintiff cannot state any cause of action ignores clear legal precedent supporting private actions where SROs act outside their scope or enable market manipulation:

- **Rule 10b-5** imposes liability for material omissions where there is a duty to disclose. *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 153 (1972).
- **Section 9(a)(2)** of the Exchange Act prohibits direct or indirect acts that manipulate market prices.
- DTCC's conduct also supports a **civil RICO claim** (pattern of racketeering and facilitation of fraud) and **antitrust violations** where it operates in concert with other entities to restrain trade.

Plaintiff's allegations are plausible and must be accepted as true at this stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

## III. PLAINTIFF HAS DEMONSTRATED IRREPARABLE HARM

DTCC contends that the harm is merely financial and therefore compensable, citing *Commods. & Minerals Enters., Ltd. v. Citibank, N.A.*, No. 12-22333-CIV, 2012 WL 12844749 (S.D. Fla. Aug. 16, 2012). However, that standard does not apply where:

- The harm is ongoing,
- The price distortion is structural and impacts market fairness,
- The continued existence of synthetic shares undermines the free market system.

Courts have recognized that **systemic distortion of public trading markets constitutes irreparable harm** because it cannot be undone by monetary compensation. *SEC v. Unifund SAL,* 910 F.2d 1028, 1040 (2d Cir. 1990).

Here, DTCC's failure to enforce delivery obligations directly contributes to price suppression and artificial dilution of AMC shares. This distortion **undermines the rule of law in the securities markets**, which is precisely the kind of harm injunctive relief is meant to prevent.

## IV. BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR INJUNCTION

DTCC's opposition offers no affirmative harm that would result from being ordered to **comply with its own regulatory obligations**. The requested relief is narrow: Plaintiff seeks only to enjoin DTCC from processing or clearing synthetic AMC share transactions in violation of Regulation SHO.

By contrast, the harm to Plaintiff—and to thousands of similarly situated investors—is both immediate and ongoing.

Preventing further manipulation serves the public interest. *See CFTC v. British Am. Commodity Options Corp.*, 560 F.2d 135, 141 (2d Cir. 1977) (public interest favors enforcement of regulatory responsibilities). DTCC's refusal to act threatens to erode public confidence in market integrity.

## V. DTCC'S CASE LAW IS INAPPOSITE OR MISAPPLIED

DTCC relies on decisions where SROs were found immune after full factual development or where the plaintiff failed to allege specific misconduct. Here:

- Plaintiff alleges detailed omissions and facilitating conduct outside DTCC's protected scope;
- DTCC's inaction is not regulatory discretion—it is a **failure of fundamental market function**;
- Injunctive relief is narrowly tailored to halt unlawful facilitation of synthetic securities.

DTCC's argument that immunity negates all likelihood of success is premature and unsupported on the present record.

## VI. CONCLUSION

Plaintiff has met the burden for injunctive relief:

1. He has shown a **substantial likelihood of success** based on DTCC's failure to prevent manipulation;
2. He faces **irreparable harm** from ongoing price distortion;
3. The **balance of equities favors protection** of legitimate investors;
4. The **public interest mandates market transparency and enforcement**.

Accordingly, Plaintiff respectfully requests this Court **grant the Motion for Preliminary Injunction** as to DTCC.

---

**Respectfully submitted,**
Dated: January 10, 2026

*/s/ Donnahue George*
Donnahue George
1012 N.W. 2nd Street
Fort Lauderdale, FL 33311
Pro Se Plaintiff
Email: DonnahueGeorge@gmail.com
Phone: 347 216-5257

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with the Clerk of Court and served upon all parties or their counsel of record via CM/ECF (if applicable) or by email on Jan 12, 2026.

*Donnahue George*