UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 25-62222-Civ-PMH



DONNAHUE GEORGE,
Plaintiff,
v.
SAMUEL BANKMAN-FRIED, et al.,
Defendants.
_____/

**PLAINTIFF'S OPPOSITION TO FINRA'S MOTION TO DISMISS**

Plaintiff, Donnahue George, respectfully submits this memorandum of law in opposition to the Motion to Dismiss (ECF No. 18) filed by Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth herein, the motion should be denied in its entirety.

## INTRODUCTION

FINRA's Motion to Dismiss is premised on a sweeping interpretation of regulatory immunity and an erroneous assertion that no private right of action exists for misconduct committed in breach of FINRA's statutory duties. However, Plaintiff does not challenge FINRA's adjudicative functions or its rulemaking capacity per se. Rather, Plaintiff alleges that FINRA knowingly and willfully failed to investigate or intervene in systematic securities fraud and market manipulation that materially harmed investors, including the Plaintiff.

The claims are not directed to quasi-legislative or quasi-judicial acts, but to **non-discretionary regulatory omissions and inaction outside the protected core of absolute immunity**. Such conduct is not immunized under the law. Moreover, where FINRA has acted as a **market participant** or engaged in conduct exceeding its delegated statutory authority, it is not shielded from liability. At a minimum, these are fact-bound inquiries inappropriate for resolution on a Rule 12(b)(6) motion.

## I. LEGAL STANDARD

To survive a motion to dismiss, a complaint need only state a claim that is **plausible on its face**. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Papasan v. Allain*, 478 U.S. 265, 283 (1986).

## II. REGULATORY IMMUNITY DOES NOT BAR PLAINTIFF'S CLAIMS

FINRA is not entitled to absolute immunity for all conduct it performs. Courts have **carefully circumscribed the scope of SRO immunity** to those activities intimately associated with the quasi-governmental responsibilities delegated by the SEC.

While FINRA cites *Weissman v. NASD*, 500 F.3d 1293 (11th Cir. 2007), and other circuit cases affirming immunity for SROs acting under the aegis of the Exchange Act, the courts have made clear that **this immunity is function-specific**, not categorical. Immunity does not extend to:

- **Non-regulatory conduct**, such as commercial or proprietary activities;
- **Conduct not compelled by statute or rule**;
- **Acts taken in bad faith or ultra vires**.

See *DL Capital Group, LLC v. Nasdaq Stock Mkt., Inc.*, 409 F.3d 93, 96–98 (2d Cir. 2005) (immunity does not apply when SRO's conduct is not undertaken pursuant to a specific Exchange Act obligation); *Standard Inv. Chartered, Inc. v. NASD, Inc.*, 637 F.3d 112, 115 (2d Cir. 2011).

Here, the Complaint alleges that FINRA had **actual knowledge of systemic manipulation**, including synthetic share creation and violations of Regulation SHO, and failed to act or disclose material facts to investors, thus **enabling fraud** rather than regulating it. Such conduct falls outside the protected sphere of adjudicatory or rulemaking functions.

Moreover, regulatory immunity does not shield FINRA where it acts as a **de facto participant** or enabler in a fraudulent enterprise through willful inaction. See *NYSE Specialists Sec. Litig.*, 503 F.3d 89, 101 (2d Cir. 2007) (immunity unavailable where exchange acted in bad faith or as a market participant).

---

## III. PLAINTIFF HAS STATED ACTIONABLE CLAIMS

### A. Plaintiff States a Claim for Securities Fraud (Rule 10b-5 and § 78j(b))

Plaintiff alleges that FINRA **knowingly failed to investigate or intervene in synthetic share schemes and market manipulation**, including the AMC token manipulation, in violation of its duty under 15 U.S.C. § 78o-3(b)(6). This enabled fraudulent conduct and caused harm to Plaintiff and other investors.

A claim under Rule 10b-5 requires:

1. A material misstatement or omission;
2. Scienter;
3. A connection with the purchase or sale of a security;
4. Reliance;

   5. Economic loss; and
   6. Loss causation.
      See *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1236–37 (11th Cir. 2008).

While FINRA asserts that it made no misrepresentation, **omissions by regulatory bodies can satisfy Rule 10b-5** liability in certain contexts, especially where the failure to act created a false impression of market integrity. See *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 153 (1972) ("[Positive] duty to disclose" may arise where silence is misleading).

Plaintiff has sufficiently alleged that:

- FINRA had knowledge of AMC token and synthetic share trading;
- FINRA failed to disclose or halt this manipulation;
- FINRA's omissions created an illusion of market integrity;
- Plaintiff reasonably relied on that illusion when purchasing or holding shares.

This satisfies Rule 9(b) under the relaxed standard for omissions-based claims. See *FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011).

## B. Civil RICO Claims Are Not Barred by the PSLRA

The Private Securities Litigation Reform Act ("PSLRA") prohibits using securities fraud as a predicate act in a civil RICO claim *only if* the alleged wrongdoer is not criminally convicted. See 18 U.S.C. § 1964(c). However, Plaintiff alleges **predicate acts of wire fraud**, money laundering, and systemic concealment by multiple actors—**not limited to securities fraud**. Where the enterprise involves a pattern of racketeering beyond securities fraud, the PSLRA does not preclude suit. See *Allstate Ins. Co. v. Girao*, 722 F. Supp. 2d 1180, 1186 (S.D. Fla. 2010).

Further, where a complaint alleges a **RICO conspiracy** among actors, and the underlying fraud includes non-securities-based predicate acts (as alleged), dismissal at the pleading stage is premature.

## C. Plaintiff Adequately Pleads Common Law Fraud

Florida common law fraud requires:

   1. A false statement concerning a material fact;
   2. The speaker's knowledge that the representation is false;
   3. Intent that the representation induce reliance;
   4. Actual and justifiable reliance; and
   5. Damages.
      *Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984).

Plaintiff alleges that FINRA falsely represented a functioning regulatory regime while ignoring known manipulation. The fraud here is not affirmative misstatement but fraudulent concealment and failure to discharge a known duty—sufficient under *Affiliated Ute*, supra.

### D. Antitrust Allegations Are Sufficient

Plaintiff alleges FINRA and others suppressed AMC share prices and coordinated market manipulation to eliminate price discovery and restrain trade—a **classic Sherman Act § 1 violation**.

Claims under Section 1 require:

- An agreement or concerted action;
- An unreasonable restraint of trade;
- Anticompetitive effects in a defined market.
  See *Levine v. Cent. Fla. Med. Affiliates, Inc.*, 72 F.3d 1538, 1545 (11th Cir. 1996).

The Complaint alleges that FINRA failed to discipline members engaged in **naked short selling**, thereby facilitating illegal supply inflation—an **anticompetitive act**. While FINRA claims it acted solely in a regulatory role, the line between regulatory action and **horizontal restraint** via enforcement selectivity is fact-intensive.

## IV. PLAINTIFF HAS STANDING AND A PRIVATE RIGHT OF ACTION

Although the Exchange Act does not expressly provide a private right of action against FINRA, courts have recognized **implied rights of action where investors are directly harmed by regulatory failure**. See *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 85 (2006); *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89 (2d Cir. 2007).

Moreover, Plaintiff's claims arise under **federal securities laws, RICO, antitrust law, and common law**, not merely the Exchange Act. The absence of an express cause of action under FINRA's rules does not preclude suit under other federal statutes or constitutional principles.

## CONCLUSION

FINRA's motion improperly attempts to transform judicially crafted immunity into a **blanket license for inaction**, even where investor harm is direct and foreseeable. Plaintiff's claims raise fact-specific allegations that must be resolved at summary judgment or trial—not on a motion to dismiss.

**WHEREFORE**, Plaintiff respectfully requests that the Court deny FINRA's Motion to Dismiss in its entirety.

Respectfully submitted,
Dated: January 12, 2026

*[signature]*

Donnahue George
1012 N.W. 2nd Street
Fort Lauderdale, FL 33311
Pro Se Plaintiff
Email: DonnahueGeorge@gmail.com
Phone: 347-216-5257

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2026, I served the foregoing Rule 60 Motion on all parties via U.S. Mail and/or electronic service to the addresses on record.

Donnahue George