UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-62222-CIV-PMH

DONNAHUE GEORGE,
Plaintiff,
v.
SAMUEL BANKMAN-FRIED, et al.,
Defendants.
_____/



**PLAINTIFF'S OPPOSITION TO DEFENDANT DEPOSITORY TRUST & CLEARING CORPORATION'S MOTION TO DISMISS**

COMES NOW Plaintiff, Donnahue George, and respectfully submits this Opposition to the Motion to Dismiss filed by Defendant The Depository Trust & Clearing Corporation ("DTCC"), and in support thereof states as follows:

## I. INTRODUCTION

DTCC seeks dismissal by invoking blanket regulatory immunity and asserting that Plaintiff's allegations are insufficient under Rule 12(b)(6), Rule 9(b), and the PSLRA. However, DTCC's arguments improperly expand the scope of regulatory immunity to shield potential misconduct, including willful inaction in the face of known market manipulation involving synthetic shares and failures to deliver.

This Court should deny DTCC's motion for three reasons:

1. **Plaintiff sufficiently pleads claims under federal securities laws, civil RICO, and antitrust laws** that implicate DTCC's active or complicit role in systemic market manipulation.
2. **Regulatory immunity does not apply where an SRO exceeds or abandons its regulatory function**, acts as a market participant, or enables fraudulent activity.
3. **Factual issues related to DTCC's knowledge, duty, and omissions are not appropriately resolved at the Rule 12(b)(6) stage.**

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must merely set forth enough facts to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts must accept all well-pled facts as true and

construe the complaint in the light most favorable to the plaintiff. *Papasan v. Allain*, 478 U.S. 265, 283 (1986).

Fraud-based claims must also meet the heightened pleading standard of Rule 9(b), which requires particularity in pleading the "who, what, when, where, and how" of the alleged fraud. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

---

## III. ARGUMENT

### A. Regulatory Immunity Does Not Bar Plaintiff's Claims

DTCC is not entitled to absolute immunity for conduct falling outside its narrow quasi-governmental regulatory role. Regulatory immunity applies only where a self-regulatory organization ("SRO") performs delegated functions *under the Exchange Act*. It does not extend to acts of fraud, gross inaction, or facilitation of illegal practices.

Courts have consistently held that immunity does **not** protect:

- Acts undertaken **ultra vires** or outside a statutorily delegated authority,
- Conduct involving **fraud or aiding/abetting fraud**, or
- **Commercial or proprietary activities** as market participants.

See *DL Capital Group, LLC v. Nasdaq Stock Mkt., Inc.*, 409 F.3d 93, 96–98 (2d Cir. 2005); *Standard Inv. Chartered, Inc. v. NASD, Inc.*, 637 F.3d 112, 115 (2d Cir. 2011); *Empire Fin. Grp., Inc. v. FINRA*, No. 08-80534-CIV, 2009 WL 10644856, at *6–7 (S.D. Fla. Jan. 15, 2009).

Here, Plaintiff alleges DTCC **had actual knowledge** of persistent failures to deliver AMC shares, facilitated settlement of synthetic securities, and failed to act—despite its obligation to monitor and ensure integrity in the clearing process. See Compl. ¶¶ 15, 26. This is **not merely a challenge to a discretionary regulatory decision** but an assertion that DTCC **enabled unlawful conduct**, or at minimum, **abdicated its responsibilities in a manner that materially harmed investors**.

At the pleading stage, such allegations must be accepted as true, and **whether immunity applies is a fact-intensive question** that cannot be decided on a motion to dismiss. See *Weissman v. NASD*, 500 F.3d 1293, 1296–97 (11th Cir. 2007); *Loftus v. FINRA*, No. 20-cv-1391, 2021 WL 84399, at *2 (S.D.N.Y. Feb. 1, 2021).

---

### B. Plaintiff States a Claim Under Rule 10b-5 and Section 9(a)(2) of the Exchange Act

To state a claim for securities fraud under Rule 10b-5, Plaintiff must plead:

1. Material misrepresentation or omission,
2. Scienter,
3. Connection with the purchase/sale of securities,
4. Reliance,
5. Economic loss,
6. Loss causation.
   See *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1236–37 (11th Cir. 2008).

Plaintiff alleges that DTCC **enabled the settlement of synthetic AMC securities** in violation of Regulation SHO and knowingly failed to halt or report the manipulation, giving retail investors the false impression of a fair and orderly market. These **omissions and failures to act**, if proven, would support liability under Rule 10b-5. *See Affiliated Ute Citizens v. United States*, 406 U.S. 128, 153–54 (1972) (Rule 10b-5 liability arises from material omissions where there is a duty to disclose).

With respect to market manipulation under § 9(a)(2), Plaintiff alleges:

- DTCC facilitated transactions that **artificially depressed AMC share prices**,
- These actions distorted price discovery and **misled investors**,
- DTCC had access to data revealing the manipulation and refused to intervene.

That is sufficient at the motion to dismiss stage. *See In re January 2021 Short Squeeze Trading Litig.*, 620 F. Supp. 3d 1231, 1247 (S.D. Fla. 2022).

---

### C. The Complaint Alleges Sufficient Facts to Support Civil RICO Liability

Under 18 U.S.C. § 1962(c), a civil RICO plaintiff must allege:

1. Conduct,
2. Of an enterprise,
3. Through a pattern,
4. Of racketeering activity,
5. Causing injury to business or property.
   *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020).

DTCC argues the RICO claim is barred by the PSLRA. However, Plaintiff does **not rely solely on securities fraud** as a predicate act. He alleges **wire fraud, money laundering**, and a systemic pattern of concealment involving multiple entities, including DTCC. See *Eagletech Commc'ns, Inc. v. Citigroup, Inc.*, 2008 WL 3166533, at *9 (S.D. Fla. June 27, 2008) (noting that RICO claims may proceed where predicate acts include non-securities fraud such as wire fraud).

Further, **the PSLRA does not bar RICO claims where the underlying conduct exceeds traditional securities fraud or includes criminal conspiracy among co-defendants.** See *Bald Eagle Area Sch. Dist. v. Keystone Fin., Inc.*, 189 F.3d 321, 330–31 (3d Cir. 1999).

### D. Common Law Fraud Is Adequately Pled

Plaintiff pleads that DTCC:

- Was aware of synthetic share creation and persistent failures to deliver,
- Failed to disclose or correct these irregularities,
- Induced reliance by allowing investors to believe the settlement system was valid and reliable.

These omissions, paired with DTCC's unique position in the market infrastructure, are actionable under Florida fraud law. See *Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984).

### E. Plaintiff States an Antitrust Claim

Plaintiff alleges that DTCC and other entities **conspired to suppress AMC's stock price,** restrict legitimate trading activity, and monopolize price discovery mechanisms in violation of Sections 1 and 2 of the Sherman Act.

While DTCC contends the allegations are conclusory, courts have consistently held that **antitrust claims based on anti-competitive conduct in financial markets must be evaluated through discovery.** See *Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1070–71 (11th Cir. 2004) (noting that indirect proof may support inference of conspiracy).

## IV. CONCLUSION

For the foregoing reasons, DTCC's Motion to Dismiss should be **denied in its entirety.** Alternatively, Plaintiff respectfully requests leave to amend in the event the Court finds any portion of the pleading insufficient.

**Respectfully submitted,**
Dated: January 12, 2026

*[signature]*

**Donnahue George**
1012 N.W. 2nd Street
Fort Lauderdale, FL 33311
Pro Se Plaintiff
Email: DonnahueGeorge@gmail.com
Phone: 347-216-5257

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2026, I served the foregoing Rule 60 Motion on all parties via U.S. Mail and/or electronic service to the addresses on record.

*/s/ Donnahue George*
Donnahue George



Dieozig
1012 NW 2nd St
Fort Lauderdale FL 33311

Clerk of the Court
Southern District of Florida
Federal Court
299 East Broward Blvd
Fort Lauderdale FL 33301