UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-62222-Civ-PMH

DONNAHUE GEORGE,

      Plaintiff,

v.

SAMUEL BANKMAN-FRIED, ET AL.,

      Defendants.

_____/

### MOTION OF DEFENDANTS DTCC AND FINRA TO STAY THE REQUIREMETS OF LOCAL RULE 16.1

Defendants The Depository Trust & Clearing Corporation ("DTCC") and Financial Industry Regulatory Authority, Inc. ("FINRA") (together, "Moving Defendants") respectfully request that this Court enter an order staying the requirement under Local Rule 16.1 to hold a conference with Plaintiff Donnahue George ("Plaintiff") and thereafter submit a report of the conference.

Discovery in this case is automatically stayed under the Private Securities Litigation Reform Act ("PSLRA") during the pendency of the motions to dismiss filed by Moving Defendants on January 5, 2026. Further, Moving Defendants are only two of seven named defendants (plus 50 Doe defendants), and it appears that none of the other defendants have been served.

It would be impractical and wasteful to use time and resources to confer and attempt to address the issues identified in Federal Rule of Civil Procedure 26(f) when discovery is stayed and the majority of defendants could not participate. The Court should therefore exercise its discretion

1

to stay the requirements of Local Rule 16.1 until such time as all named defendants have been served and the PSLRA stay on discovery is lifted.

I.  **The Court Should Stay the Requirements of Local Rule 16.1 Because Discovery Is Automatically Stayed Under the PSLRA.**

The PSLRA mandates that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" for private actions alleging violations of the Securities Act of 1933 and the Securities Exchange Act of 1934. 15 U.S.C. § 78u-4(b)(3)(B); *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 631 n.3 (11th Cir. 2010); *see, e.g.*, *Hind v. FxWinning Ltd.*, No. 23-23139-Civ-Scola, 2024 WL 1138426, at *1 (S.D. Fla. Mar. 14, 2024). Plaintiff brought claims for securities fraud against Moving Defendants under the Securities Exchange Act of 1934. *See* Compl. ¶¶ 28-33. Moving Defendants filed their respective motions to dismiss on January 5, 2026. *See* ECF No. 8 at 7-9; ECF No. 10 at 4-6. Plaintiff filed his responses on January 15, 2026. *See* ECF No. 25. Replies are due on January 22. Discovery therefore is stayed.

Local Rule 16.1 requires the parties to confer to discuss the issues listed in Federal Rule of Civil Procedure 26(f). Courts routinely find that parties need not meet and confer under Rule 26(f) during the PSLRA's mandatory stay because Rule 26(f) falls within the scope of "discovery" as contemplated by the PSLRA. *See, e.g.*, *Debbs v. CDK Fund I SPV, LLC*, 2024 WL 3305501, at *1 (M.D. Fla. June 13, 2024); *Ylitalo v. Automatic Data Processing, Inc.*, No. 2:24-cv-55-SPC-NPM, 2024 WL 1492828, at *1 (M.D. Fla. Mar. 22, 2024). This is because the PSLRA's mandatory stay of "other proceedings" includes "litigation activity related to discovery." *Rensel v. Centra Tech, Inc.*, No. 1:17-cv-24500-RNS/JB, 2019 WL 3429149, at *1 (S.D. Fla. Mar. 8, 2019), *R&R adopted*, 2019 WL 3429128 (S.D. Fla. May 1, 2019). Local Rule 16.1 requires activity related to discovery by mandating that the parties conduct a Rule 26(f) conference and file a report, and this Court should stay the rule's requirements while discovery is otherwise stayed

under the PSLRA.

**II.     Independent of the PSLRA Stay of Discovery, the Court Should Exercise Its Discretion to Stay the Requirements of Local Rule 16.1 Because Compliance Would Be Inefficient and Impractical at This Time.**

This Court enjoys "broad discretion" to modify terms of parties' compliance with Local Rule 16.1 in accordance with the unique circumstances of each case. *Brooks v. Event Entm't Grp., Inc.*, No. 20-22495-Civ-Scola, 2020 WL 5535346, at *1 (S.D. Fla. Sept. 15, 2020) (quoting *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001)). In exercising this discretion, the Court considers the practicalities before it, such as whether resources would be wasted by prematurely requiring a Rule 26(f) conference. *See id.* at *1-*2.

Here, five of the seven named defendants have not made an appearance, and the docket does not reflect that they have been served. A motion for service by the U.S. Marshals on Defendants Samuel Bankman-Fried and Caroline Ellison is pending. *See* ECF No. 15. Setting a discovery schedule before all parties are served would result in inefficiency and unnecessary costs arising out of the need to revisit the schedule once other defendants appear. Further, as the motions to dismiss demonstrate, Plaintiff's complaint fails to plausibly state any claim upon which relief may be granted. *See* ECF No. 18; ECF No. 20. Even if Plaintiff is given leave to replead, and any amended claims survive another motion to dismiss, the scope of discovery would be governed by the nature of those surviving claims, not the current complaint. *See, e.g.*, *NAEH Media Grp. LLC v. City of Lauderhill ex rel. City Comm'n*, No. 21-61270-CIV-ALTMAN/HUNT, 2022 WL 1274231, at *2 (S.D. Fla. Mar. 15, 2022) (Hunt, J.). The Court therefore should wait to see the nature of any surviving claims, before it requires the parties to negotiate discovery.

Based on these types of concerns with "unnecessary costs to the litigants and to the court system," the Court should stay the requirements of Local Rule 16.1. *Brooks*, 2020 WL

5535346, at *1 (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997)).

WHEREFORE, for the reasons stated above, Moving Defendants respectfully ask that the Court enter an order staying the requirements of Local Rule 16.1 until all named defendants have been served and the PSLRA stay on discovery is lifted.

## CERTIFICATION

Pursuant to Local Rule 7.1(a)(3)(B), undersigned counsel hereby certify that they have made reasonable efforts to confer with Plaintiff regarding the relief sought in this motion, but have been unable to confer. Gregory M. Boyle, counsel for DTCC, emailed Plaintiff on January 15, at the email address provided in Plaintiff's pleadings, with a copy to Mr. Carlson and Mr. Mandel. Mr. Boyle communicated to Plaintiff that the Moving Defendants intended to file this motion today. As of the filing of this motion, none of the undersigned counsel has received a response from Plaintiff.

Dated: January 16, 2026         Respectfully submitted,

*/s/ Curtis Carlson*
Curtis Carlson
FBN 236640
**CARLSON & ASSOCIATES, P.A.**
2655 S. Le Jeune Road, Ste. 1108
Coral Gables, FL 33134
(305) 372-9700
carlson@carlson-law.net

Gregory M. Boyle (*pro hac vice*)
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654
(312) 923-2651
GBoyle@jenner.com

*Attorneys for Defendant The Depository Trust & Clearing Corporation*

4

/s/ David S. Mandel
David S. Mandel
FBN 38040
**MANDEL & MANDEL LLP**
1680 Michigan Avenue, Ste. 700
Miami Beach, FL 33139
(305) 374-7771
dsm@mandel.law

*Attorney for Defendant Financial Industry Regulatory Authority, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, thereby serving all counsel of record with active ECF filing status. I further certify that on January 16, 2026, after effectuating electronic filing, I will cause to be served a copy of the foregoing document via email and U.S. mail upon the following:

Donnahue George
1012 N.W. 2nd Street
Fort Lauderdale, FL 33311


Dated: January 16, 2026


/s/ *Curtis Carlson*
Curtis Carlson