UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 25-62222-Civ-PMH

FILED BY _____ D.C.
JAN 22 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

DONNAHUE GEORGE,

   Plaintiff,

v.

SAMUEL BANKMAN-FRIED, et al.,

   Defendants.

_____/

PLAINTIFF DONNAHUE GEORGE'S OPPOSITION TO DEFENDANTS DTCC AND FINRA'S MOTION TO STAY THE REQUIREMENTS OF LOCAL RULE 16.1

Plaintiff Donnahue George ("Plaintiff"), pro se, respectfully files this Opposition to the Motion of Defendants The Depository Trust & Clearing Corporation ("DTCC") and Financial Industry Regulatory Authority, Inc. ("FINRA") (together, "Moving Defendants") to stay Local Rule 16.1. ECF No. 26. The Motion should be denied, or at most narrowly tailored, because (1) the PSLRA discovery stay does not require suspension of Rule 26(f)/Local Rule 16.1 case-management planning, and (2) staying Local Rule 16.1 undermines early case management, increases delay, and repeats the very procedural instability that Local Rule 16.1 is designed to prevent.

INTRODUCTION

Moving Defendants ask this Court to suspend Local Rule 16.1 on the theory that the PSLRA automatically stays "all discovery and other proceedings" during the pendency of their motions to dismiss, and that most other defendants have not been served. ECF No. 26 at 1–3. But a Rule 26(f) conference and Local Rule 16.1 report are not discovery; they are case-management tools. They promote efficiency, clarify the parties' positions early, and address issues that exist regardless of whether merits motions are pending (including preservation, ESI issues, service status, anticipated motions, and settlement/ADR).

If the Court believes some aspects of scheduling should await a ruling on the motions to dismiss, the proper remedy is not a blanket stay of Local Rule 16.1, but a narrowly tailored order allowing the Rule 26(f)/Local Rule 16.1 conference and report to proceed while deferring only specific discovery deadlines and exchanges until the PSLRA stay is lifted.

BACKGROUND (RELEVANT PROCEDURAL POSTURE)

1. Plaintiff filed this action in the Southern District of Florida.
2. Moving Defendants filed motions to dismiss on January 5, 2026. ECF Nos. 8, 10.
3. Moving Defendants now seek an order staying Local Rule 16.1's requirement that the parties confer and submit a report. ECF No. 26.
4. Plaintiff is prepared to confer promptly and submit a Local Rule 16.1/Rule 26(f) report that recognizes the PSLRA stay while still addressing non-discovery matters and setting a workable case-management framework.

ARGUMENT

I. The PSLRA Stay Does Not Require a Blanket Stay of Local Rule 16.1

Moving Defendants rely on the PSLRA's stay of "all discovery and other proceedings" during the pendency of a motion to dismiss. ECF No. 26 at 2 (citing 15 U.S.C. § 78u-4(b)(3)(B)). Plaintiff does not dispute that the PSLRA stays discovery. But Moving Defendants leap from "discovery is stayed" to "Local Rule 16.1 must be stayed." That does not follow.

A Rule 26(f) conference and a Local Rule 16.1 report are not the service of discovery requests, the taking of depositions, or the production of documents. They are planning and case-management. They can be conducted in a way that fully respects the PSLRA stay (i.e., no discovery requests, no discovery deadlines triggered, and no discovery sought), while still addressing:

• preservation of evidence and ESI protocols,
• the service posture and expected appearances,
• whether any stay/dispositive motion coordination is appropriate,
• proposed dates for a scheduling conference (if the Court wants one),
• anticipated amendments and pleading issues,
• ADR/mediation timing (if appropriate after motions are decided),
• and a plan for efficient progression immediately after the PSLRA stay is lifted.

Courts frequently manage cases during PSLRA stays through scheduling orders that defer discovery while still requiring the parties to organize the case. The relief Moving Defendants seek (a complete freeze of Local Rule 16.1) is broader than necessary and risks needless delay.

II. Service Issues Do Not Justify Staying Local Rule 16.1 as to Appearing Defendants

Moving Defendants argue that because they are only two of seven named defendants and others "appear" unserved, it would be "impractical" to confer. ECF No. 26 at 2–3. But Local Rule 16.1 is a case-management rule; it does not require that every named defendant appear before any case planning occurs. In multi-defendant cases, early conferral among appearing parties is routine, and the report can expressly note which parties have appeared and reserve modifications once additional defendants appear.

Moreover, a Rule 26(f)/Local Rule 16.1 conference would help streamline the very service issues Moving Defendants cite. The parties can address, for example:

- which defendants are represented,
- whether counsel can accept service for certain parties,
- whether service issues can be narrowed by agreement,
- and what practical steps will reduce motion practice over service.

A blanket stay prevents the parties from addressing these issues efficiently.

III. Moving Defendants' Merits Arguments Are Not a Proper Basis to Suspend Local Rule 16.1

Moving Defendants suggest that Plaintiff's complaint "fails to plausibly state any claim," and that any future schedule might change depending on amendments. ECF No. 26 at 3. That is merits argument—appropriate for their motions to dismiss, not a reason to stop case-management planning.

Local Rule 16.1 exists to ensure early organization of the case and to avoid disjointed, ad hoc

procedural handling. A Rule 26(f) conference/report can be structured to avoid wasted effort by explicitly deferring discovery-related deadlines pending a ruling on motions to dismiss, while still providing the Court a usable roadmap.

IV. At Minimum, the Court Should Adopt a Narrow Alternative Rather Than a Blanket Stay

If the Court is inclined to grant any relief, Plaintiff respectfully requests a narrowly tailored order that:

1) requires the parties to conduct the Rule 26(f) conference and file the Local Rule 16.1 report; but

2) explicitly provides that no discovery will be served, no discovery deadlines will begin to run, and

   initial disclosures (if applicable) and any discovery schedule will be deferred until the PSLRA stay

   is lifted.

That approach preserves the PSLRA stay while maintaining orderly case management.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court DENY Moving Defendants' Motion to Stay Local Rule 16.1 (ECF No. 26). In the alternative, Plaintiff requests that any relief be narrowly tailored to defer discovery deadlines only, while still requiring a Rule 26(f) conference and a Local Rule 16.1 report.

Dated: January 22 2026

Respectfully submitted,

*/s/ Donnahue George*

Donnahue George, pro se

1012 NW 2nd st

Fort Lauderdale FL 33311

347 216-5257

DonnahueGeorge@gmail,com

LOCAL RULE 7.1(a)(3) CERTIFICATION

Plaintiff certifies that he attempted in good faith to confer regarding the relief requested in ECF No. 26. Plaintiff received email notice of the Motion on or about January 15–16, 2026, and Plaintiff is willing to confer promptly by telephone or email to complete a Rule 26(f) conference and submit a Local Rule 16.1 report. Moving Defendants have not agreed to withdraw or narrow their request for a blanket stay.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 22, 2026, I served a true and correct copy of the foregoing document on counsel of record via [CM/ECF OR U.S. Mail / Email] at the addresses listed on the docket.

Donnahue George