UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-62222-CIV-HUNT

DONNAHUE GEORGE,

        Plaintiff,

v.

SAMUEL BANKMAN-FRIED, et al.,

        Defendants.

_____/

## ORDER

THIS CAUSE is before this Court on Defendants' Motions to Dismiss ("Motion"). ECF Nos. 18; 20. Pursuant to the parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment. ECF No. 7. Upon thorough and careful review of the Motions, the Responses, the Replies, the entire record, applicable law, and being otherwise fully advised in the premises, the undersigned GRANTS the Motion for the reasons below.

## BACKGROUND

This case arises out of the collapse of the FTX Group, which "operated two centralized digital asset exchanges where millions of customers bought, sold, and traded digital assets." *In re FTX Trading Ltd*., No. 22-11068 (KBO), 2025 WL 3008666, at *1 (Bankr. D. Del. Oct. 27, 2025). Plaintiff, proceeding *pro se*, alleges claims against myriad Defendants sounding in securities fraud, market manipulation, and other civil financial impropriety arising out of said collapse. ECF No. 1. Two Defendants, Financial Industry Regulatory Authority, Inc. ("FINRA") and The Depository Trust & Clearing Corporation

("DTCC"), have filed Motions to Dismiss in this case.  ECF Nos. 18; 20. The Motions are now ripe for consideration.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To meet this 'plausibility standard,' a plaintiff must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Arias v. Integon Nat'l Ins. Co.*, No. 18-22508-CIV-ALTONAGA/GOODMAN, 2018 WL 4407624, at *2–3 (S.D. Fla. Sep. 17, 2018) (quoting *Iqbal*, 556 U.S. at 678).  In considering a motion to dismiss, "the complaint must be construed in a light most favorable to the plaintiff and the factual allegations taken as true." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  Unsupported allegations and conclusions of law, however, will not benefit from this favorable reading.  *See Iqbal*, 556 U.S. at 679.

## DISCUSSION

Common to both Motions to Dismiss is that Plaintiff's eleven-page complaint purports to adequately allege a complicated financial conspiracy against a multitude of Defendants by way of conclusory, speculative, and unsupported allegations.

Defendants FINRA and DTCC correctly point out that Plaintiff has failed to adequately demonstrate how he can bring a claim against either of them given their immunity from such suits.  FINRA has absolute immunity in the performance of its "statutorily delegated adjudicatory, regulatory, and prosecutorial functions." *Weissman v.*

*Nat'l Ass'n of Sec. Dealers, Inc.*, 500 F.3d 1293, 1296 (11th Cir. 2007); *see also Xu v. Fin. Indus. Regul. Auth. Inc.*, 503 F. App'x 7, 8 (2d Cir. 2012) ("As an SRO, FINRA and its officers are entitled to absolute immunity from private damages suits in connection with the discharge of their regulatory responsibilities." (internal quotation and citation omitted)). Such immunity also applies to Defendant DTCC. *Hofman v. Fid. Brokerage Servs., LLC*, No. 223CV00881MCSPVC, 2023 WL 3872564, at *8 (C.D. Cal. May 8, 2023) (dismissing claims against FINRA and DTCC on immunity grounds).

Nor does Plaintiff explain how he can directly sue FINRA given that there is "no private right of action against FINRA (or its employees) for its regulatory acts—including entering regulatory settlements." *Mohlman v. Fin. Indus. Regul. Auth., Inc.*, No. 3:19-CV-154, 2020 WL 905269, at *5 (S.D. Ohio Feb. 25, 2020), *aff'd on other grounds*, 977 F.3d 556 (6th Cir. 2020).   Although Plaintiff argues that DTCC and FINRA had actual knowledge and engaged in bad faith actions that would render them subject to suit, Plaintiff's conclusory allegations fall woefully short of overcoming Defendants' immunity. The undersigned finds that Plaintiff has not stated, and likely cannot state, a claim against either FINRA or DTCC.

Indeed, Plaintiff's Complaint falls woefully short of the necessary standard for any Defendant.  As an initial matter, many of the Plaintiff's claims sound in fraud, which is subject to an enhanced pleading standard outlined under Federal Rule of Civil Procedure 9(b).  Plaintiff's vague, conclusory allegations fall far short of the specific pleading requirements underpinning many of his Counts.

Additionally, Plaintiff's Complaint, as written, fails to comply with both Fed. R. Civ. P. 8(a) and 10(b).  Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are

often disparagingly referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief," while Rule 10(b) provides in relevant part that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* (quoting Fed. R. Civ. P. 8, 10).

> Courts have generally identified four types of shotgun pleadings.
>
> The most common type . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland,* 792 F.3d at 1321–23 (footnotes omitted).

Plaintiff's Complaint clearly falls into at least the fourth category of shotgun pleadings. Plaintiff merely recites, vaguely, the circumstances underlying the Complaint, and then enumerates a laundry list of alleged violations. Plaintiff fails to adequately identify with any specificity which Defendants are responsible under any of the multiple Counts and fails to properly identify the particular laws Defendants are alleged to have violated. This failure is critical to the claims at issue, which may have specific requirements and particular defenses that hinge on who, in particular, did

4

what, and when.[1]

Although "a court must liberally construe the [pro se litigant's] allegations . . . this duty to construe a pro se litigant's pleadings liberally does not require the Court to act as an attorney for the pro se party or obligate the Court to rewrite a deficient pleading." *Banks v. Fla.*, No. 219CV756FTM38NPM, 2019 WL 7546620, at *2 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, No. 219CV756FTM38NPM, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020).   Due to the foregoing issues, Defendants' Motions to Dismiss will be granted and Plaintiff's Complaint will be dismissed.

However, the undersigned will provide Plaintiff an opportunity to file an amended complaint.   Plaintiff should specifically ensure that his amended complaint complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.   In accordance with Rule 8, Plaintiff's amended complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).   Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do."   *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).   "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face."   *Id.* at 555, 570.   "A claim has facial plausibility when the plaintiff pleads factual content that

---

[1]  This is particularly true for fraud claims, which have a heightened pleading standard. *See* Fed. R. Civ. P. 9(b).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Plaintiff's factual allegations in his amended complaint must satisfy the requisite pleading standard, should clarify what claim Plaintiff seeks to bring, and should allege what each Defendant did to give rise to a claim against that Defendant.   Moreover, in his amended complaint, Plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).

Additionally, Plaintiff must comply with all applicable procedural rules and allege sufficient facts in any amended complaint to plausibly state a claim.   To the extent possible, all future filings in this case should be typewritten.   But to the extent Plaintiff is unable to file typewritten papers, he must ensure that his handwriting is legible.

## CONCLUSION

Accordingly, it is hereby ORDERED and ADJUDGED that:

- Defendants' Motions to Dismiss, ECF Nos. 18 and 20, are GRANTED;

- The Complaint, ECF No. 1, is DISMISSED as to all Defendants;

- All pending motions in this case are accordingly DENIED AS MOOT; and

- Plaintiff is ordered to file an Amended Complaint and renewed in forma pauperis application within twenty (20) days from the date of this Order. Failure to do so will result in this Court dismissing the case.

DONE AND ORDERED at Fort Lauderdale, Florida this 20th day of March 2026.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:

Donnahue George
1012 NW 2nd Street
Fort Lauderdale, FL 33311
PRO SE

7