**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**FORT LAUDERDALE DIVISION**

---

**DONNAHUE GEORGE,**
Plaintiff,

v.

**SAMUEL BANKMAN-FRIED, CAROLINE ELLISON,
ALAMEDA RESEARCH LLC, FTX TRADING LTD.,
CM-EQUITY AG, DTCC, FINRA, and
JOHN DOES 1–50,**
Defendants.



FILED BY_____D.C.

APR 06 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

---

**Case No.: 25-62222-CIV-HUNT**

---

**PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**

(Pursuant to Fed. R. Civ. P. 65)

---

Plaintiff Donnahue George, proceeding pro se, respectfully moves this Court for entry of a preliminary injunction pursuant to Federal Rule of Civil Procedure 65, and states:

---

## I. INTRODUCTION

This case arises from Defendants' operation of FTX and Alameda Research and their involvement in fraudulent financial practices that have resulted in criminal convictions.

Plaintiff seeks narrowly tailored injunctive relief to prevent ongoing harm arising from the creation, issuance, and use of **unbacked or insufficiently collateralized tokenized securities tied to AMC Entertainment Holdings, Inc. ("AMC")**, which continue to distort market pricing and harm investors.

Absent injunctive relief, Plaintiff will continue to suffer irreparable harm through ongoing price distortion and market manipulation.

## II. STATEMENT OF FACTS

1. Defendant Samuel Bankman-Fried was convicted in federal court in 2023 of multiple counts of fraud arising from the operation of FTX and Alameda Research.
2. Defendant Caroline Ellison pleaded guilty to federal fraud charges and admitted to the misuse of customer assets in connection with Alameda Research.
3. FTX offered "tokenized stocks," including instruments tied to AMC, which were represented as backed by underlying securities.
4. Public reporting and evidence presented in related proceedings indicate that such tokenized instruments were not consistently supported by verifiable custodial holdings.
5. Upon information and belief, Defendants created or facilitated the issuance of large quantities of AMC-related tokenized instruments without corresponding ownership of actual AMC shares.
6. These instruments were used in trading activity affecting AMC securities.
7. Plaintiff is an investor who has suffered financial harm as a result of artificial price distortion.
8. Plaintiff alleges that the continued existence and use of such synthetic or unbacked instruments contributes to ongoing suppression of AMC's market price.

## III. LEGAL STANDARD

A preliminary injunction is appropriate where the movant establishes:

1. A substantial likelihood of success on the merits;
2. A substantial threat of irreparable injury;
3. That the threatened injury outweighs any harm to the opposing party; and
4. That the injunction would not disserve the public interest.

*Winter v. NRDC*, 555 U.S. 7, 20 (2008); *Siegel v. LePore*, 234 F.3d 1163 (11th Cir. 2000).

## IV. ARGUMENT

### A. Likelihood of Success on the Merits

Plaintiff's claims are supported by:

- Criminal conviction of Defendant Bankman-Fried;

- Guilty plea of Defendant Ellison;
- Allegations of misrepresentation regarding asset backing;
- Evidence suggesting issuance of synthetic or unbacked financial instruments.

These support claims under federal securities laws, including Rule 10b-5, and civil RICO.

---

## B. Irreparable Harm

Plaintiff faces ongoing harm because:

- Market prices remain distorted;
- Loss of fair price discovery cannot be fully remedied by damages;
- Harm is continuous and ongoing.

---

## C. Balance of Equities

Defendants have no legitimate interest in:

- Issuing unbacked securities;
- Misrepresenting asset backing.

Plaintiff seeks only to prevent unlawful conduct.

---

## D. Public Interest

The public interest strongly favors:

- Market integrity;
- Transparency;
- Enforcement of securities laws.

---

## V. REQUESTED RELIEF

Plaintiff respectfully requests that this Court:

1. Enjoin Defendants from issuing or facilitating the issuance of tokenized securities not backed by underlying assets;

2. Enjoin Defendants from representing that such instruments are backed where no verified custody exists;

3. Grant such further relief as the Court deems just and proper.

## VI. CERTIFICATION REGARDING NOTICE

Plaintiff certifies that this Motion will be served on all Defendants in accordance with the Federal Rules of Civil Procedure.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion.

Respectfully submitted,

Donnahue George
1012 NW 2nd Street
Fort Lauderdale, FL 33311
(347) 216-5257
DonnahueGeorge@gmail.com
Pro Se

Date: April 6, 2026

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of April, 2026, I served a true and correct copy of the foregoing Motion upon all Defendants and/or counsel of record via U.S. Mail and/or CM/ECF.

Donnahue George

**. ATTACHMENT: PROPOSED ORDER**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF FLORIDA**

---

**Case No.: 25-CV-62222**

---

**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION**

THIS CAUSE came before the Court upon Plaintiff's Motion for Preliminary Injunction.

The Court finds that:

1. Plaintiff has demonstrated a substantial likelihood of success on the merits;
2. Plaintiff faces a substantial threat of irreparable harm;
3. The balance of equities favors Plaintiff;
4. The requested relief serves the public interest.

Accordingly, it is ORDERED AND ADJUDGED:

1. Defendants are ENJOINED from representing that any AMC-related tokenized security is backed by AMC common stock unless such backing is verified and accurately disclosed;
2. Defendants are ENJOINED from facilitating or relying upon unbacked AMC-linked tokenized instruments in connection with securities transactions;
3. Defendants shall provide a full accounting of all AMC-related tokenized instruments, including:

   a. Total number created;
   b. Dates of issuance;
   c. Representations of backing;
   d. Custodial support (if any);
   e. Distribution and counterparties;

4. Defendants shall produce all records sufficient to determine whether such instruments were backed by actual AMC shares;
5. This Order shall remain in effect pending further order of the Court.

DONE AND ORDERED in the Southern District of Florida on this ___ day of _____, 2026.

---

UNITED STATES DISTRICT JUDGE