Case 0:25-cv-62222-PMH   Document 38   Entered on FLSD Docket 04/20/2026   Page 1 of 8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-62222-Civ-PMH**

DONNAHUE GEORGE,

        **Plaintiff,**

v.

SAMUEL BANKMAN-FRIED, ET AL.,

        **Defendants.**

_____/

## FINRA'S MOTION TO DISMISS AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Financial Industry Regulatory Authority, Inc. ("FINRA"), respectfully moves this Court for an order dismissing Plaintiff's Amended Complaint.

## INTRODUCTION

The Amended Complaint fails to cure the deficiencies identified in this Court's March 20, 2026 Order granting FINRA's Motion to Dismiss the initial Complaint. While Plaintiff has made minor stylistic changes to the pleading and omitted FINRA from some alleged causes of action, the Amended Complaint still falls woefully short of applicable pleading standards for securities fraud and remains barred by absolute regulatory immunity and the lack of a private right of action against FINRA. The minimal allegations directed at FINRA in paragraphs 31-33 of the Amended Complaint are legally insufficient, conclusory, and do not resuscitate Plaintiff's ability to pursue claims against FINRA, which were previously dismissed by this Court.

## LEGAL ARGUMENT

### 1. Legal Standard

To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Bare legal conclusions are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A plaintiff . . . must demonstrate more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

### 2. Absolutely Immunity Bars Suit Against FINRA for Claims Arising Out of Its Regulatory Activities

The Amended Complaint does not overcome the absolute regulatory immunity applicable to FINRA's regulatory activities, which is "an integral part of the American system of securities regulation." *Dexter v. Depository Tr. & Clearing Corp.*, 406 F. Supp. 2d 260, 263 (S.D.N.Y. 2005), *aff'd*, 219 F. App'x 91 (2d Cir. 2007). This Court's March 20, 2026 Order explicitly held that "FINRA has absolute immunity in the performance of its 'statutorily delegated adjudicatory, regulatory, and prosecutorial functions.'" ECF No. 33, at 2 (quoting *Weissman v. NASD*, 500 F.3d 1293, 1296 (11th Cir. 2007) (internal quotation marks omitted)).

The Amended Complaint provides no basis for the Court to reconsider its previous holding. As established by controlling authority, the immunity applied to FINRA's regulatory activities is absolute, and it does not depend on good faith, knowledge, or the severity of alleged conduct. *See Gallagher v. FINRA,* No. 21-13605, 2022 U.S. App. LEXIS 15309, *5 (11th Cir. June 3, 2022), *cert. denied*, 143 S. Ct. 373 (2022); *see also In re Series 7 Broker Qualification Exam Scoring Litig.,* 548 F.3d 110, 114 (D.C. Cir. 2008) (an SRO is "absolutely immune from suit for the improper performance of regulatory, adjudicatory, or prosecutorial duties delegated by the SEC"); *DL Capital Group, LLC v. Nasdaq Stock Mkt., Inc.*, 409 F.3d 93, 98 (2d Cir. 2005)

("[P]recedent, not to mention common sense, strongly militates against carving out a 'fraud' exception to SRO immunity."); *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1215 (9th Cir. 1998), *abrogated in part on other grounds by Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning,* 578 U.S. 374 (2016) (applying immunity where plaintiff alleged that FINRA "acted in a capricious, even tartuffian manner which caused [plaintiff] enormous damage"); *Dexter*, 406 F. Supp. 2d at 264 ("Accordingly, however badly motivated, inept, or even unlawful [FINRA's] actions may have been, it is absolutely immune from suit….").

### 3. Oversight and Enforcement are Quintessential Regulatory Functions - Plaintiff's Attempt to Circumvent Regulatory Immunity Fails as a Matter of Law

Plaintiff's revised strategy—summarily stating that FINRA's conduct "falls outside immunity" when it involves "permitting non-compliant trading practices," ECF No. 34, ¶ 33—is legally meritless. Determining what trading practices are permissible under FINRA rules and regulations, monitoring compliance with those rules and regulations, and deciding whether to bring enforcement actions for violations are among the core regulatory and prosecutorial functions that form the foundation of FINRA's absolute immunity defense. The absolute regulatory immunity afforded to self-regulatory organizations (SROs) "protects the power to regulate, not the mandate to perform regulatory functions in a certain manner." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 98 (2d Cir. 2007) (Sotomayor, J.). Thus, "immunity extends both to affirmative acts as well as to an SRO's omissions or failure to act." *Standard Inv. Chartered, Inc. v. NASD*, 637 F.3d 112, 115 (2d Cir. 2011), *cert. denied*, 565 U.S. 1173 (2012).

Plaintiff's allegation that FINRA "permit[ed] non-compliant trading practices," ECF No. 34, ¶ 33, is simply another way of saying that FINRA did not take the enforcement action Plaintiff believes it should have taken. Plaintiff's allegation, however, references classic regulatory activity that is shielded by regulatory immunity. While the Amended Complaint attempts to invoke a distinction between "ministerial clearing functions" (as applied to DTCC in

3

Amended Complaint ¶ 30) and allegedly non-regulatory conduct by FINRA, Plaintiff misapprehends the immunity doctrine. The relevant inquiry is not whether FINRA's conduct was "ministerial" versus "discretionary," but whether it involved FINRA's "statutorily delegated adjudicatory, regulatory, and prosecutorial functions." *Weissman*, 500 F.3d at 1296. FINRA's oversight of trading activity, assessment of compliance with its rules, and decision regarding enforcement are inherently discretionary *and* regulatory. FINRA's activities are within the scope of activities delegated to FINRA by Congress. The degree of discretion or the quality of FINRA's performance is irrelevant to the immunity analysis. *See Gallagher*, 2022 U.S. App. LEXIS 15309, at *4 ("[W]hen an SRO is acting under the aegis of the Exchange Act's delegated authority... it enjoy[s] the privilege of immunity.") (quoting *Weissman*, 500 F.3d at 1297) (internal quotation marks omitted).

The Amended Complaint's suggestion that FINRA's inadequate response to alleged market manipulation "falls outside immunity," ECF No. 34, ¶ 33, is squarely foreclosed by settled law. Courts have held that SRO immunity applies even to negligent performance of regulatory duties (*Sparta*, 159 F.3d at 1215), bad faith actions (*Dexter*, 406 F. Supp. 2d at 264), and allegedly inadequate enforcement (*Mohlman v. FINRA*, No. 3:19-cv-154, 2020 U.S. Dist. LEXIS 31781, *3-4 (S.D. Ohio Feb. 25, 2020), *aff'd on other grounds*, 977 F.3d 556 (6th Cir. 2020)). The Amended Complaint contains three paragraphs referencing FINRA, collectively alleging that FINRA had oversight over AMC trading, trading volumes appeared inconsistent with share supply, and that FINRA allegedly permitted non-compliant trading practices. *See* ECF No. 34, ¶¶ 31-33. These allegations do not describe conduct exceeding FINRA's regulatory mandate. Instead, they describe FINRA's exercise - or alleged non-exercise - of its regulatory authority. As this Court noted in its the March 20, 2026 Order, "Plaintiff has not stated, and likely cannot state, a claim against . . . FINRA" to overcome its immunity defense. ECF No. 33,

at 3. The Amended Complaint continues to make allegations related to Plaintiff's dissatisfaction with *how* FINRA conducts its regulatory activities, and thus it does nothing to require a different result in the application of regulatory immunity to FINRA's conduct.

### 4.   Plaintiff Still Lacks a Private Right of Action to Pursue Claims Against FINRA

Neither the Exchange Act nor any other statute provides for a cause of action against an SRO for acts or omissions in connection with its duties as a securities regulator. On the contrary, courts have consistently held that no private right of action exists against an SRO for its regulatory activities. *See, e.g., MM&S Fin., Inc. v. NASD*, 364 F.3d 908, 911-12 (8th Cir. 2004) ("[T]he Exchange Act does not create a private right of action against the NASD defendants for violating their own rules."); *Desiderio v. NASD*, 191 F.3d 198, 208 (2d Cir. 1999), *cert. denied*, 531 U.S. 1069 (2001) ("[T]here is no private right of action available under the Securities Exchange Act . . . to challenge an exchange's failure to follow its own rules."); *Spicer v. Chicago Bd. of Options Exch., Inc.*, 977 F.2d 255, 260-65 (7th Cir. 1992) (the Exchange Act "does not create a private remedy against [an SRO] for violating or failing to enforce its own rules," and Congress did not intend to provide an implied right of action); *Mohlman*, 2020 U.S. Dist. LEXIS 31781, at *12-13 ("There is, however, no private right of action against FINRA (or its employees) for its regulatory acts—including entering regulatory settlements."); *In re Olick*, No. 99-cv-5128, 2000 U.S. Dist. LEXIS 4275, *11 (E.D. Pa. Jan. 10, 2000) (a party "may not maintain a private cause of action against the NASD under the Exchange Act, or at common law, for regulatory actions taken by the NASD").

As discussed above, the allegations asserted against FINRA relate to its regulatory activities pursuant to the Exchange Act. As this Court noted in its March 20, 2026 Order, "there is 'no private right of action against FINRA (or its employees) for its regulatory acts . . . .'" ECF No.

5

33, at 3 (quoting *Mohlman*, 2020 U.S. Dist. LEXIS 31781, at \*12-13). For these reasons, Plaintiff cannot state a private right of action against FINRA.

### 5.   The Amended Complaint Fails to State a Securities Fraud Claim Against FINRA

While this Court need not consider additional grounds for dismissal because Plaintiff's claim is barred by absolute regulatory immunity and because Plaintiff lacks any private right of action against FINRA, the Amended Complaint also fails to state a claim for securities fraud.

SEC Rule 10b-5 applies exclusively to market participants and not to SROs like FINRA. To the extent Plaintiff is alleging that FINRA violates the Exchange Act by engaging in regulatory activities, as set forth above, Plaintiff has no private right of action to bring such a claim. Furthermore, Plaintiff fails to plead securities fraud with the specificity required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act ("PLSRA").  The allegations related to securities fraud contained in the Amended Complaint are entirely conclusory regarding FINRA's alleged misconduct. *See generally* ECF No. 34. The Amended Complaint alleges that trading in AMC shares was subject to FINRA oversight, *id.* ¶ 31, that "[u]pon information and belief, trading activity reflected volumes inconsistent with actual share supply," *id.* ¶ 32, and that "[t]o the extent FINRA engaged in conduct beyond its protected regulatory functions, including permitting non-compliant trading practices, such conduct falls outside immunity," *id.* ¶ 33. The Amended Complaint contains no allegations to establish FINRA is a market participant as contemplated by the Exchange Act. *See generally id.*

Further, the allegations in the Amended Complaint fail to establish the elements of securities fraud (Count I). To state a claim for securities fraud under Rule 10b-5, a plaintiff must allege: (1) a material misrepresentation or omission; (2) made with scienter; (3) in connection with the purchase or sale of a security; (4) reliance on the misrepresentation or omission; (5) economic loss; and (6) a causal connection between the misrepresentation or omission and the loss. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1236-37 (11th Cir. 2008). The Amended Complaint does not allege that FINRA made any

6

material misrepresentation or omission. *See generally* ECF No. 34. Nor does Plaintiff allege that he purchased or sold AMC shares based on any misrepresentation or omission attributed to FINRA. *See generally id.* While the Amended Complaint generally alleges that Plaintiff purchased and held AMC shares and that he relied on the integrity of the market price of those shares, *id.* ¶¶ 11-13, Plaintiff does not allege that his decision to purchase or hold shares had any connection to any alleged misrepresentation or omission by FINRA, *see generally id.*[1] The Complaint also does not identify any causal connection between Plaintiff's alleged economic loss and any purported action that FINRA took or failed to take. *See generally id.* Accordingly, the Amended Complaint fails to state a claim against FINRA for securities fraud under Rule 10b-5.

## CONCLUSION

The Amended Complaint challenges FINRA's regulatory activities and seeks to impose liability for decisions that fall squarely within the scope of FINRA's statutory mandate. Such claims are barred by regulatory immunity, foreclosed by the absence of a private right of action, and fail to state a cause of action for securities fraud. For these reasons, the Court should dismiss the Amended Complaint against FINRA with prejudice.

Respectfully submitted,

*/s/David S. Mandel*
David S. Mandel
FBN 38040
**MANDEL & MANDEL LLP**
1680 Michigan Avenue, Suite 700
Miami Beach, FL 33139
Telephone: (305) 374-7771
dsm@mandel.law

*Counsel for Defendant,*
*Financial Industry Regulatory Authority, Inc.*

---

[1] Importantly, Plaintiff cannot satisfy Rule 10b-5 by merely being a holder of AMC shares. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 85 (2006) (fraud alleged under Rule 10b-5 must "coincide" with an actual securities transaction).

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on April 20, 2026, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record; additionally, a copy of the foregoing was sent by US mail to George at 1012 N.W. 2nd Street, Fort Lauderdale, FL 33311.

<u>*David S. Mandel*</u>