**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-62222-Civ-PMH**

**DONNAHUE GEORGE,**

      **Plaintiff,**

**v.**

**SAMUEL BANKMAN-FRIED, ET AL.,**

      **Defendants.**

_____/

**FINRA'S OPPOSITION TO PLAINTIFF'S**
**EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") submits this

opposition to Plaintiff's Emergency Motion for a Preliminary Injunction ("Motion").[1]

**INTRODUCTION**

A preliminary injunction is extraordinary relief, and a plaintiff seeking such relief bears

the burden of establishing four prerequisites. In the Motion, Plaintiff relies on vague and

conclusory assertions that are insufficient to satisfy his burden. In addition, while Plaintiff fails

to establish any of the prerequisites, most notably, Plaintiff cannot establish that he is likely to

succeed on the merits of the claim he asserts against FINRA because the claim relates exclusively

to FINRA's regulatory activities.  As a result, Plaintiff's claim is barred by absolute regulatory

immunity, and Plaintiff cannot pursue a private right of action against FINRA to bring such a claim.

---

[1] On April 6, 2026, the Court entered a Minute Order denying emergency consideration of the
Motion, and it set forth that the Motion will be reviewed based on a standard briefing timeline
rather than an expedited basis. ECF No. 37.

Further, the Amended Complaint fails to state any valid claim against FINRA. Because Plaintiff fails to satisfy his burden of establishing that a preliminary injunction is appropriate, the Motion should be denied.

**ARGUMENT**

### 1.  Standard to Support Issuance of a Preliminary Injunction

A preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (per curiam) (quoting *McDonald's Corp. v. Robertson*, 147 F3d 1301, 1306 (11th Cir. 1998) (internal quotation marks omitted). The prerequisites for obtaining a preliminary injunction require the plaintiff to demonstrate: (1) a "substantial likelihood of success on the merits"; (2) "irreparable injury" absent an injunction; (3) a balance of the equities in the plaintiff's favor; and (4) that the injunction would not be "adverse to the public interest." *Id*. A plaintiff must establish "all four of these prerequisites." *Wreal, LLC v. Amazon,* 840 F3d 1244, 1247 (11th Cir. 2016) (citing *Siegel*, 234 F.3d at 1176). Here, Plaintiff failed to satisfy his burden.

### 2.  There is No Likelihood of Success on the Merits

As set forth in FINRA's Motion to Dismiss the Amended Complaint, there are multiple independent reasons why Plaintiff has no substantial likelihood of success on the merits.

#### a.  FINRA is Absolutely Immune for its Regulatory Activities

As an initial matter, FINRA is absolutely immune in the performance of its "statutorily delegated adjudicatory, regulatory, and prosecutorial functions." *Weissman v. NASD*, 500 F.3d 1293, 1296 (11th Cir. 2007); *see also Tawil v. FINRA*, No. 4:22-cv-440, 2023 U.S. Dist. LEXIS 117247, *4 (N.D. Fla. May 24, 2023) (dismissing claims for injunctive relief based on regulatory immunity); *D'Alessio v. New York Stock Exch., Inc.*, 258 F.3d 93, 105 (2d Cir.), *cert. denied*, 534 U.S. 1066 (2001)

(an SRO is "immune from liability for claims arising out of the discharge of its duties under the Exchange Act"); *Partnership Exch. Sec. Co. v. NASD*, 169 F.3d 606, 608 (9th Cir. 1999) (NASD was absolutely immune for its actions taken "under the authority delegated to it by the Exchange Act"). Every circuit court, including the Eleventh Circuit, that has considered the issue has reached the same conclusion. *See, e.g., Gallagher v. FINRA*, No. 21-13605, 2022 U.S. App. LEXIS 15309, *4 (11th Cir. June 3, 2022), *cert. denied*, 143 S. Ct. 373 (2022) ("[W]hen an SRO is acting under the aegis of the Exchange Act's delegated authority . . . it enjoy[s the] privilege of immunity.") (quoting *Weissman*, 500 F.3d at 1297) (internal quotation marks omitted); *In re Series 7 Broker Qualification Exam Scoring Litig.*, 548 F.3d 110, 114, (D.C. Cir. 2008) ("When an SRO acts under the aegis of the Exchange Act's delegated authority, it is absolutely immune from suit for the improper performance of regulatory, adjudicatory, or prosecutorial duties delegated by the SEC."); *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 96 (2d Cir. 2007) (Sotomayor, J.) (an SRO "is entitled to absolute immunity for actions it takes pursuant to its quasi-governmental role in the regulation of the securities market"); *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1215 (9th Cir. 1998), *abrogated in part on other grounds by Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 578 U.S. 374 (2016) ("[S]elf-regulatory organizations had to enjoy freedom from civil liability when they acted in their regulatory capacity.").

To determine whether immunity applies to an SRO's conduct, courts "look to the objective nature and function of the activity for which the SRO seeks to claim immunity." *Weissman*, 500 F.3d at 1297; *see also D'Alessio*, 258 F.3d at 104-05; *Sparta*, 159 F.3d at 1214. The dispositive question is whether the Plaintiff's claims arise out of "the discharge of [FINRA's] duties under the Exchange Act." *Sparta*, 159 F.3d at 1213; *see also D'Alessio*, 258 F.3d at 104, 106. Here, the answer is plainly yes.

As set forth in FINRA's Motion to Dismiss the Amended Complaint, the allegations in paragraphs 31-33 of the Amended Complaint concern FINRA's regulatory activities, for which FINRA has immunity. That immunity is absolute, and courts do not recognize exceptions to regulatory

immunity based on bad faith, *Dexter v. Depository Tr. & Clearing Corp.*, 406 F. Supp. 2d 260, 264 (S.D.N.Y. 2005), *aff'd*, 219 F. App'x 91 (2d Cir. 2007), fraud, *DL Capital Group, LLC v. Nasdaq Stock Mkt., Inc.*, 409 F.3d 93, 98 (2d Cir. 2005), or negligence, *Sparta,* 159 F.3d at 1215. This form of absolute immunity is "an integral part of the American system of securities regulation." *Dexter*, 406 F. Supp. 2d at 263.

The allegations in the Amended Complaint are directed at Plaintiff's dissatisfaction with *how* FINRA conducted its regulatory activities. *See* ECF No. 34, ¶¶ 31-33. Plaintiff's allegations do not describe conduct exceeding FINRA's regulatory mandate; instead, they describe FINRA's exercise – or alleged non-exercise – of its regulatory authority. As the Court found when dismissing Plaintiff's initial Complaint against FINRA, the Amended Complaint contains "conclusory allegations [that] fall woefully short of overcoming [FINRA's] immunity" defense. ECF No. 33, at 3. Because regulatory immunity bars Plaintiff's claims against FINRA, Plaintiff cannot establish that he is likely to succeed on the merits, and the Motion should be denied.[2]

### b. Plaintiff Lacks a Private Right of Action to Pursue Claims Against FINRA

Neither the Exchange Act nor any other statute provides for a private cause of action against an SRO for acts or omissions in connection with its activities as a securities regulator. On the contrary, courts have consistently held that no private right of action exists against an SRO for its regulatory activities. *See, e.g., MM&S Fin., Inc. v. NASD*, 364 F.3d 908, 911-12 (8th Cir. 2004) ("[T]he Exchange Act does not create a private right of action against the NASD

---

[2] In addition, Plaintiff's claim that he is likely to succeed on the merits is supported only by conclusory statements that pertain to other defendants. Plaintiff summarily concludes in the Motion that he is likely to succeed on the merits based on criminal convictions or guilty pleas of other defendants, "[a]llegations of misrepresentation regarding asset backing" and "[e]vidence suggesting issuance of synthetic or unbacked financial instruments." ECF No. 36, at 2-3. The Amended Complaint, however, attributes the aforementioned alleged misrepresentations and stock issuance to FTX Trading Ltd. ECF No. 34, ¶¶ 14-17.

defendants for violating their own rules."); *Desiderio v. NASD*, 191 F.3d 198, 208 (2d Cir. 1999), *cert. denied*, 531 U.S. 1069 (2001) ("[T]here is no private right of action available under the Securities Exchange Act . . . to challenge an exchange's failure to follow its own rules."); *Spicer v. Chicago Bd. of Options Exch., Inc.*, 977 F.2d 255, 260-65 (7th Cir. 1992) (the Exchange Act "does not create a private remedy against [an SRO] for violating or failing to enforce its own rules," and Congress did not intend to provide an implied right of action); *Mohlman v. FINRA*, No. 3:19-cv-154, 2020 U.S. Dist. LEXIS 31781, *12-13 (S.D. Ohio Feb. 25, 2020), *aff'd on other grounds*, 977 F.3d 556 (6th Cir. 2020) ("There is, however, no private right of action against FINRA (or its employees) for its regulatory acts—including entering regulatory settlements."); *In re Olick*, No. 99-cv-5128, 2000 U.S. Dist. LEXIS 4275, *11 (E.D. Pa. Jan. 10, 2000) (a party "may not maintain a private cause of action against the NASD under the Exchange Act, or at common law, for regulatory actions taken by the NASD").

Because the Amended Complaint relies on allegations related to FINRA's regulatory activities pursuant to the Exchange Act, this Court has already determined that "there is 'no private right of action against FINRA (or its employees) for its regulatory acts . . . .'" ECF No. 33, at 3 (quoting *Mohlman*, 2020 U.S. Dist. LEXIS 31781, at *12-13). Accordingly, Plaintiff cannot state a private right of action against FINRA. As such, Plaintiff is not likely to succeed on the merits of his claim, and the Motion should be denied.

### c.  Plaintiff Fails to State a Valid Fraud Claim Against FINRA

The Complaint also fails to establish a likelihood of success on the merits of the securities fraud claim asserted against FINRA. Specifically, to state a claim for securities fraud under SEC Rule 10b-5, a plaintiff must allege: (1) a material misrepresentation or omission; (2) made with scienter; (3) in connection with the purchase or sale of a security; (4) reliance on the misrepresentation or omission; (5) economic loss; and (6) a causal connection between the

misrepresentation or omission and the loss. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1236-37 (11th Cir. 2008). The Amended Complaint does not allege that FINRA made any material misrepresentation or omission, nor does it allege that Plaintiff purchased or sold any security based on any purported misrepresentation or omission by FINRA. *See generally* ECF No. 34. Moreover, the Amended Complaint fails to identify any causal connection between Plaintiff's alleged economic loss and any action FINRA allegedly took or failed to take. *See generally id.*

*      *      *

For these reasons, Plaintiff has no likelihood of success on the merits of his claim, and the Motion should be denied.

### 3. Plaintiff Also Fails to Establish the Remaining Prerequisites for a Preliminary Injunction

Plaintiff fails to satisfy his burden of establishing the three remaining prerequisites for a preliminary injunction. In a thinly-veiled attempt to satisfy his burden, Plaintiff recites conclusory statements pertaining to the irreparable harm, balance of equities, and public interest prerequisites:

- Plaintiff faces ongoing harm because market prices are distorted, loss of fair price discovery cannot be remedied by damages, and the harm is ongoing.
- Defendants have no legitimate interest in issuing unbacked securities or misrepresenting asset backing.
- The public strongly favors market integrity, transparency and enforcement of securities laws.

ECF No. 36, at 3. Such unsupported and conclusory statements are insufficient to satisfy Plaintiff's burden with respect to the remaining prerequisites required for the Court to grant the extraordinary relief sought.

The "basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Sampson v. Murray*, 415 U.S. 61, 88 (1974) (quoting *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 506-07 (1959)) (internal quotation marks omitted). "An

6

injury is 'irreparable' only if it cannot be undone through monetary remedies." *Northeastern Florida Chapter of Ass'n of General Contractors v. Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson*, 415 U.S. at 90. Plaintiff seeks recovery for alleged financial losses stemming from market price suppression, which is precisely the type of alleged injury amendable to monetary damages. Indeed, Plaintiff seeks monetary damages in his Amended Complaint, implicitly acknowledging that damages are an available and adequate remedy. *See* ECF No. 34, ¶ 60 (claiming damages suffered of $2,000,000); *id.* at p. 5 (Prayer for Relief seeking compensatory damages).

For these reasons, Plaintiff has failed to establish the remaining prerequisites for injunctive relief, and the Motion should be denied.

### CONCLUSION

WHEREFORE, Defendant FINRA respectfully requests that the Court deny Plaintiff's Motion and grant such other and further relief to which FINRA may be entitled.

Respectfully submitted,

*/s/David S. Mandel*
David S. Mandel
FBN 38040
**MANDEL & MANDEL LLP**
1680 Michigan Avenue, Suite 700
Miami Beach, FL 33139
Telephone: (305) 374-7771
dsm@mandel.law

*Counsel for Defendant,*
*Financial Industry Regulatory Authority, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that, on April 20, 2026, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record; additionally, a copy of the foregoing was sent by US mail to George at 1012 N.W. 2nd Street, Fort Lauderdale, FL 33311.

<u>*David S. Mandel*</u>

8