**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-62222-Civ-PMH**

DONNAHUE GEORGE,

       **Plaintiff,**

  *v.*

SAMUEL BANKMAN-FRIED, ET AL.,

       **Defendants.**

_____/

**THE DEPOSITORY TRUST & CLEARING CORPORATION'S**
**MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendant The Depository Trust & Clearing Corporation ("DTCC") moves this Court to dismiss the Amended Complaint. Plaintiff Donnahue George's ("Plaintiff") Amended Complaint fails to cure the defects that were the basis for this Court's dismissal of his initial Complaint under Rules 8(a)(2), 9(b), and 12(b)(6). In fact, Plaintiff's new allegations reinforce this Court's additional ground for dismissal: that DTCC is absolutely immune from suit. The Court should dismiss the Amended Complaint with prejudice, as Plaintiff has been unable to state a claim after two tries, and because DTCC would be immune from any further amended claims.

**BACKGROUND**

DTCC is a holding company, which acts through its subsidiaries, including The Depository Trust Company ("DTC") and the National Securities Clearing Corporation ("NSCC"). DTC is the nation's "principal securities depository" and "operates an automated, centralized system for book-entry transfers of securities positions among its participants, the beneficial owners of the securities, in accordance with their instructions." *Whistler Invs., Inc. v. Depository Tr. & Clearing Corp.*, 539

1

F.3d 1159, 1163 (9th Cir. 2008). NSCC provides central counterparty clearance and settlement services, guaranteeing payment and delivery of securities between its members for virtually all transactions in equities and other types of securities in the United States. *Id.* In these roles, DTC and NSCC are each registered with and regulated by the Securities and Exchange Commission ("SEC") as a registered clearing agency and a self-regulatory organization ("SRO"). *See generally Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 776-77 (8th Cir. 2009); *Whistler*, 539 F.3d at 1163. DTCC itself does not process securities transactions, nor does DTCC clear or settle transactions. *See In re January 2021 Short Squeeze Trading Litig.*, No. 21-2989-MDL, 2021 WL 5359731, at *2 n.7 (S.D. Fla. Nov. 17, 2021). Those functions are performed by DTC and NSCC. See *id.*[1] As SROs regulated by the SEC, DTC and NSCC are entitled to absolute immunity for all "conduct 'aris[ing] out of the discharge of its duties under the Exchange Act.'" *Dexter v. Depository Tr. & Clearing Corp.*, 406 F. Supp. 2d 260, 264 (S.D.N.Y. 2005) (quoting *D'Alessio v. N.Y. Stock Exch.*, 258 F.3d 93, 104 (2d Cir. 2001)), *aff'd*, 219 F. App'x 91 (2d Cir. 2007).

Against the backdrop of its immunity from suit as an SRO, Defendant DTCC respectfully moves the Court to dismiss it with prejudice from this action.

**INTRODUCTION**

DTCC should be dismissed from this action on several independent grounds. The Amended Complaint fails to provide a "short and plain statement of the claim" as required by Rule 8(a)(2), fails to state a plausible claim for relief, and challenges actions by DTCC that are protected by SRO immunity.

---

[1] DTCC interprets allegations in the Amended Complaint concerning it to reference NSCC's and DTC's clearing and settlement functions. Accordingly, for purposes of this motion, unless context suggests otherwise, references to "DTCC" also refer to NSCC and DTC. *See, e.g.*, Am. Compl. ¶ 9 ("Defendant DTCC … operates clearing and settlement systems for U.S. securities markets.").

The Court dismissed the initial Complaint in its entirety, holding that the Complaint violated Rules 8(a)(2) and 10(b) as an impermissible "shotgun pleading" that "fails to adequately identify with any specificity which Defendants are responsible under any of the multiple Counts and fails to properly identify the particular laws that Defendants are alleged to have violated." Order at 4, ECF No. 33 [*hereinafter*, "Order"]. The Court also held that "Plaintiff's Complaint falls woefully short of the necessary [pleading] standard for any Defendant," including the enhanced pleading standard for fraud under Rule 9(b). *Id.* at 3. And as to DTCC, the Court recognized that Plaintiff "ha[d] failed to adequately demonstrate how he can bring a claim against [it] given [its] immunity." *Id.* at 2.

After dismissing, the Court allowed Plaintiff a chance to replead and correct these fatal deficiencies, providing Plaintiff with the following direction:

> Plaintiff's factual allegations in his amended complaint must satisfy the requisite pleading standard, should clarify what claim Plaintiff seeks to bring, and should allege what each Defendant did to give rise to a claim against that Defendant.

*Id.* at 6.[2]

Plaintiff does none of these things in the Amended Complaint. Instead, he again does exactly what the Court directed him not to do. First, he lumps together allegations about all "Defendants"—without any allegations of who did what—into an impermissible shotgun claim for securities fraud. *See* Am Compl. ¶¶ 42-47; *see also* 17 C.F.R. § 240.10b-5. Second, the Amended Complaint adds four conclusory allegations regarding DTCC that fail to allege what it

---

[2] The Court offered Plaintiff leniency in part because he is proceeding in this matter *pro se*. *See id.* at 5. The Court is not required to do so because Plaintiff is a disbarred attorney. *See, e.g.*, *Stuart v. Ryan*, No. 18-14244-CIV-MARTINEZ-MAYNARD, 2019 WL 1235024, at *1 (S.D. Fla. Mar. 11, 2019), *vacated in part on other grounds*, 818 F. App'x 858 (11th Cir. 2020) ("While Plaintiff is *pro se*, this Court notes that she is not entitled to the leniency often afforded to traditional *pro se* litigants as she is in fact an attorney … and the recent suspensions of her law license do not lessen that." (cleaned up)); *see also In re George*, 58 A.D.3d 267, 269 (N.Y. App. Div. 2008) (documenting Plaintiff's disqualification to practice law).

did to give rise to a claim. Am. Compl. ¶¶ 27-30. In sum, Plaintiff's new allegations add only that DTCC "processed or settled transactions" in AMC shares, and that some unspecified actions of DTCC "exceed[] purely ministerial clearing functions[.]". *Id.* This does not state a claim, and certainly does not meet the Rule 9(b) standard to plead alleged fraud with particularly. Further, the securities laws provide no private right of action for the claim that Plaintiff appears to bring.

Moreover, the new allegations make it even clearer that Plaintiff seeks to challenge DTCC's clearing and settlement functions as an SRO. But as this Court has already held, DTCC can never be subject to suit for its regulatory actions. *See* Order at 2-3. And the conclusory allegation that DTCC somehow "exceed[ed] purely ministerial clearing functions" cannot avoid DTCC's SRO immunity.

The Amended Complaint suffers from the same fatal flaws supporting the Court's prior dismissal. The Court should once again dismiss DTCC from this action, and the Court should now dismiss with prejudice.

## <u>LEGAL STANDARD</u>

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, nor does a complaint … [that] tenders naked assertions devoid of further factual enhancement." *Id.* at 678 (cleaned up). A "shotgun pleading" that violates Federal Rule of Civil Procedure 8(a)(2) by bringing "claims against multiple defendants without specifying which defendant is responsible for which acts" also cannot survive a motion to dismiss. *See Clifford v. Federman*, 855 F. App'x 525, 528 (11th Cir. 2021) (citing

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)).

Securities fraud claims face an additional requirement under Federal Rule of Civil Procedure 9(b) "to state with particularity the circumstances constituting fraud." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008). This means pleading the "who, what, when, where, and how of the allegedly false statements." *Id.* Securities fraud claims must additionally satisfy the PSLRA's requirement to "specify each statement alleged to have been misleading" and "the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1)(B); *see, e.g.*, *Kosowsky v. Icahn Enters. L.P.*, 748 F. Supp. 3d 1303, 1312 (S.D. Fla. 2024). A shotgun pleading cannot suffice to state a securities fraud claim. *See, e.g.*, *Clifford*, 855 F. App'x at 527-29.

## **ARGUMENT**

Other than listing DTCC in its "Parties" section, the entirety of the allegations in the Amended Complaint regarding DTCC are as follows:

> 27. Trading in AMC shares during the relevant period was processed through clearing and Settlement systems operated by DTCC.
>
> 28. Plaintiff alleges that trading volume in AMC shares exceeded the number of legitimately issued shares.
>
> 29. Upon information and belief, DTCC processed or settled transactions involving Instruments not backed by actual shares.
>
> 30. To the extent DTCC facilitated settlement of synthetic or unbacked instruments, such Conduct exceeds purely ministerial clearing functions.

Am. Compl. ¶¶ 27-30.

Based on only these allegations, Plaintiff asserts his securities fraud claim against DTCC. His claim fails and should be dismissed with prejudice.

I.      **The Amended Complaint Does Not State a Claim for Relief Against DTCC.**

A.  **The Court Should Dismiss DTCC Pursuant to Rule 8(a)(2) Because the Amended Complaint Is a Shotgun Pleading.**

Count I asserts a securities fraud claim under Rule 10b-5 of Section 10(b) of the Securities Exchange Act. *See* Am. Compl. ¶¶ 42-47. Count I does not specifically name any defendant and instead includes only conclusory allegations against "Defendants." In other words, Plaintiff has ignored this Court's direction and presented his securities fraud claim as yet another impermissible "shotgun pleading" barred by Rule 8(a)(2). *See* Order at 3-5. The Court can and should dismiss DTCC from this action on the ground that the Amended Complaint has failed to specify what act it is responsible for. *See Clifford*, 855 F. App'x at 528-29; *see also Carter v. Dekalb Cnty.*, 521 F. App'x 725, 727 (11th Cir. 2013) ("[The] complaint makes numerous general statements regarding the 'Defendants' but makes few, if any, distinctions amongst the[m] . . . . Since [the] complaint has not alleged any causes of action against [certain defendants], the district court properly dismissed the allegations against them.").

B.  **The Securities Fraud Count Against DTCC Should Be Dismissed for Failure to State a Claim.**

To survive this motion to dismiss, Count I must pass a three-tiered pleading standard: a) the plausibility requirement of *Twombly*; b) the requirement of Rule 9(b) to plead fraud-based claims with particularity; and c) the PSLRA requirement to specify why alleged statements were misleading. *See Kosowsky*, 748 F. Supp. 3d at 1310. Plaintiff's conclusory allegations about DTCC do not pass the first hurdle, let alone the next two.

Plaintiff must allege the following elements of a securities fraud claim: "(1) a material misrepresentation or omission; (2) made with scienter; (3) a connection with the purchase or sale of a security; (4) reliance on the misstatement or omission; (5) economic loss; and (6) a causal

6

connection between the misrepresentation or omission and the loss, commonly called 'loss causation.'" *Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1317 (11th Cir. 2019). Plaintiff has not—and in good faith cannot—allege any of these elements as to DTCC.

***Material misrepresentation or omission.*** To the extent that Plaintiff alleges any misrepresentation or omission (to say nothing of whether it is "material"), he does not allege a single one *made by DTCC*. Plaintiff alleges that another defendant, FTX, falsely represented that certain tokenized AMC shares were 1:1 backed by AMC common stock when they, in fact, were not. Am. Compl. ¶¶ 15-18. To state a claim for Rule 10b-5 securities fraud against a given defendant, the Plaintiff must allege that a misrepresentation or omission was made by *that* defendant. *See, e.g.*, *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 148 (2011); *Walter v. Avellino*, No. 12-14411-CIV-GRAHAM/LYNCH, 2016 WL 4534887, at *2-*3 (S.D. Fla. July 18, 2016). And where, as here, the plaintiff still fails to allege a single misstatement after being given the opportunity to amend, dismissal with prejudice is proper. *See A&M Mgmt. Inc. v. Deme*, No. 18-63099-CIV-COHN/SELTZER, 2019 WL 7344821, at *3-*4 (S.D. Fla. May 14, 2019) ("Plaintiffs' Amended Complaint substantially disregards the Court's prior Dismissal Order [by] fail[ing] to identify any actionable misrepresentations or omissions by [moving defendants].").

***Other elements.*** Plaintiff makes only plainly conclusory allegations as to any of the other elements of a Rule 10b-5 claim, offering merely a recitation—with no fact content—of scienter, reliance, economic loss, and loss causation. *See* Am Compl. ¶¶ 44-47. Regarding DTCC, Plaintiff alleges only that it "processed," "clear[ed]," or "settled" transactions that involved instruments about which *FTX* (not DTCC) allegedly made misstatements. *See id.* ¶¶ 15, 27-30. To the extent that Plaintiff's shotgun allegations against "Defendants" are construed to include DTCC, that count

still alleges, at most, that DTCC "facilitat[ed]" trades in instruments about which others had made misstatements. *See id.* ¶¶ 43(a), 43(c). These scant allegations fail to plead any elements of securities fraud at all, let alone at the required degree of specificity. *See, e.g.*, *Mason v. Lanham*, No. 18-20965-Civ-WILLIAMS/TORRES, 2019 WL 5260273, at *3-*4 (S.D. Fla. June 20, 2019), *R&R adopted*, 2019 WL 5260173 (S.D. Fla. July 22, 2019) ("The complaint is effectively a hollow shell that omits any facts that could remotely allege a cognizable claim under the Exchange Act.").

Further, Plaintiff's allegation, without more, that he lost $2,000,000, *id.* ¶ 41, fails to plead loss causation. *See, e.g.*, *Apollo Mgmt. Grp. v. Croxall*, No. 22-62398-CIV, 2023 WL 11845497, at *5 (S.D. Fla. Oct. 6, 2023).

Because none of the other elements of a Rule 10b-5 claim are met with anything more than conclusory allegations, the Court should dismiss DTCC. *See, e.g.*, *Mason*, 2019 WL 5260273, at *3-*4; *see also Mathew v. Citigroup Global Mkts. Inc.*, No. 23-12302-FDS, 2024 WL 303513, at *3 n.8 (D. Mass. June 17, 2024) (dismissing securities fraud case as to DTCC for failure to state a claim against it).

### C. The Securities Laws Leave No Other Possible Cause of Action Open to Plaintiff Against DTCC.

Plaintiff alleges that DTCC "processed or settled transactions involving instruments not backed by actual shares" and that some "Defendants" (but unclear who) "engaged in a manipulative scheme by . . . facilitating synthetic supply." Am. Compl. ¶¶ 29, 43. To the extent that these allegations could be construed as a claim by Plaintiff against DTCC for its manner of carrying out its SRO function to "process," "settle," or "facilitat[e]" transactions, the Court can separately dismiss DTCC from this suit for the independent reason that the securities laws offer *no cause of action whatsoever*—let alone Rule 10b-5, as (possibly) alleged—for acts in connection with its SRO duties.

As this Court has held, there is no "no private right of action" to sue an SRO, like DTCC, "for its regulatory acts." Order at 3 (quoting *Mohlman v. Fin. Indus. Reg. Auth., Inc.*, No. 3:19-cv-154, 2020 WL 905269, at *5 (S.D. Ohio Feb. 25, 2020)). The ruling is consistent with a wall of precedent holding that the securities laws afford no private right of action against an SRO for its regulatory activities. *See, e.g.*, *MM&S Fin., Inc. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 364 F.3d 908, 911-12 (8th Cir. 2004); *Desiderio v. Nat'l Ass'n of Secs. Dealers, Inc.*, 191 F.3d 198, 208 (2d Cir. 1999); *Spicer v. Chi. Bd. Options Exch., Inc.*, 977 F.2d 255, 260-61 (7th Cir. 1992); *Mohlman*, 2020 WL 905269, at *5; *Empire Fin. Grp., Inc. v. Fin. Indus. Reg. Auth., Inc.*, No. 08-80534-CIV-RYSKAMP/VITUNAC, 2009 WL 10644856, at *7-*8 (S.D. Fla. Jan. 15, 2009); *cf. In re Series 7 Broker Qual. Exam Scoring Litig.*, 548 F.3d 110, 113-14 (D.C. Cir. 2008) (holding that common-law causes of action are also unavailable).

DTCC should be dismissed with prejudice.

## II. The Court Also Should Dismiss DTCC with Prejudice Because Any Further Amendment Would Still Result in a Claim from Which DTCC Is Absolutely Immune.

The Amended Complaint demonstrates that Plaintiff still seeks to hold DTCC liable merely for carrying out its regulatory functions of "facilitating settlement" and "process[ing]" transactions "through clearing and settlement systems operated by DTCC." *Compare* Am. Compl. ¶¶ 27-30, *with* Compl. ¶¶ 15, 26. These allegations describe the regulatory functions that DTCC performs. *See* Background, *supra*. As the Court held, SROs like DTCC are protected by absolute immunity when they perform their regulatory functions. *See* Order at 2-3; *see also Gallagher v. Fin. Indus. Reg. Auth., Inc.*, No. 21-13605, 2022 WL 1815594, at *2 (11th Cir. June 3, 2022) (citing *Weissman v. Nat'l Ass'n of Secs. Dealers, Inc.*, 500 F.3d 1293, 1297 (11th Cir. 2007)). The Court should dismiss with prejudice because Plaintiffs have now failed twice to "pierce [DTCC's] quasi-governmental immunity for the performance of its delegated regulatory duties." *Id.* at *3.

The regulatory model established by the federal securities laws depends on regulatory functions conducted by private SROs. *See, e.g.*, *In re Series 7*, 548 F.3d at 114. This model works in part because SROs are immune "from suit for conduct falling within the scope of the SRO's regulatory and general oversight functions." *D'Alessio*, 258 F.3d at 105; *accord Gallagher*, 2022 WL 1815594, at *2. "This immunity extends both to affirmative acts as well as to an SRO's omissions or failure to act." *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 637 F.3d 112, 115 (2d Cir. 2011). Moreover, there is no fraud exception to SRO immunity. *See, e.g.*, *Empire Fin. Grp.*, 2009 WL 10644856, at *6-*7.

Plaintiff's theory of his case remains that he purportedly suffered from a scheme by other defendants—but *not* DTCC—to represent that certain tokens were backed by true shares of AMC common stock when they, in fact, were not. *See, e.g.*, Am. Compl. ¶¶ 11-21. As to DTCC, Plaintiff alleges only that it "facilitated" or "processed or settled transactions involving instruments not backed by actual [AMC] shares." *Id.* ¶ 29-30. But "facilitating securities transactions [is an] exercise[] of quasi-governmental regulatory authority under the Exchange Act, so DTCC is entitled to absolute immunity from liability for the complained-of conduct." *Hofman v. Fidelity Brokerage Servs., LLC*, No. No. 2:23-cv-00881-MCS-PVC, 2023 WL 3872564, at *7 (C.D. Cal. May 8, 2023); *accord Dexter*, 406 F. Supp. 2d at 264-65.

Plaintiff cannot plead around SRO immunity with the assertion that DTCC's conduct in this case "exceeds purely ministerial clearing functions." Am. Compl. ¶ 30. In determining whether SRO immunity bars a claim, courts "look to the objective nature and function of the activity for which the SRO seeks to claim immunity." *Gallagher*, 2022 WL 1815594, at *2 (quoting *Weissman*, 500 F.3d at 1297). Where the complaint only plausibly alleges conduct by an SRO within the scope of its regulatory activities, SRO immunity bars the claim; whether the acts

10

are allegedly "ministerial" is irrelevant. *Compare Gallagher*, 2022 WL 1815594, at \*3 (SRO immunity for allegations related to financial advisor exam), *with Weissman*, 500 F.3d at 1299 (no SRO immunity for allegations about advertising unrelated to stock exchange's regulatory function). Indeed, SROs like DTCC are absolutely immune from claims challenging core regulatory functions even in the face of fraud allegations because immunity would be illusory if any plaintiff could plead around it simply by bringing a claim sounding in fraud. *See, e.g.*, *DL Cap. Grp., LLC v. Nasdaq Stock Mkt., Inc.*, 409 F.3d 93, 98-99 (2d Cir. 2005); *see also Empire Fin. Grp.*, 2009 WL 10644856, at \*6-\*7 (recognizing that there is no fraud exception to SRO immunity).

DTCC is immune from this lawsuit. Plaintiff had an opportunity to try again to state a claim from which DTCC would not be immune, and he has failed. The Court should dismiss DTCC from this lawsuit with prejudice on this independent ground.

## CONCLUSION

For the foregoing reasons, this Court should dismiss DTCC from this action, and it should do so with prejudice.

Dated: April 20, 2026

Respectfully submitted,

*/s/ Curtis Carlson*_____
Curtis Carlson
FBN 236640
**CARLSON & ASSOCIATES, P.A.**
2655 S. Le Jeune Road, Ste. 1108
Coral Gables, FL 33134
(305) 372-9700
carlson@carlson-law.net

Gregory M. Boyle (*pro hac vice*)
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654

(312) 923-2651
GBoyle@jenner.com

*Attorneys for Defendant The Depository Trust & Clearing Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, thereby serving all counsel of record with active ECF filing status. I further certify that on April 20, 2026, after effectuating electronic filing, I will cause to be served a copy of the foregoing document via email and U.S. mail upon the following:

Donnahue George
1012 N.W. 2nd Street
Fort Lauderdale, FL 33311

Dated: April 20, 2026

/s/ *Curtis Carlson*_____
Curtis Carlson