**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-62222-Civ-PMH**

**DONNAHUE GEORGE,**

**Plaintiff,**

*v.*

**SAMUEL BANKMAN-FRIED, ET AL.,**

**Defendants.**

_____/

**THE DEPOSITORY TRUST & CLEARING CORPORATION'S**
**OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION**
**FOR PRELIMINARY INJUNCTION**

The Court should deny Plaintiff Donnahue George's ("Plaintiff") Emergency[1] Motion for

Preliminary Injunction, ECF No. 36 [*hereinafter*, "Mot."], (the "Motion"). Plaintiff's claims here

are frivolous, and he does not even attempt to satisfy the factors for obtaining a preliminary

injunction. The Court dismissed Plaintiff's initial Complaint for failing to state a claim against

Defendant The Depository Trust and Clearing Corporation ("DTCC"), and denied Plaintiff's prior

Motion for Preliminary Injunction as moot. *See* Order at 7, ECF No. 33. Nothing of substance has

changed with the Amended Complaint and Plaintiff's new Motion. Therefore, the Court should

again deny Plaintiff's Motion.

---

[1] Plaintiff presented this Motion as an "emergency" motion, but failed to follow this Court's procedures to do so. *See* S.D. Fla. Local. R. 7.1(d)(1) (requiring, inter alia, a certification that Plaintiff failed to include). The Court promptly denied emergency consideration, finding that "Plaintiff has not presented a true emergency" because "[i]n particular, the financial concerns underlying the emergency request emerged well over a year ago." Paperless Order, ECF No. 37 (internal quotation marks omitted).

## BACKGROUND AND INTRODUCTION

DTCC is a holding company, which acts through its subsidiaries, including The Depository Trust Company ("DTC") and the National Securities Clearing Corporation ("NSCC"). DTC is the nation's "principal securities depository" and "operates an automated, centralized system for book-entry transfers of securities positions among its participants, the beneficial owners of the securities, in accordance with their instructions." *Whistler Invs., Inc. v. Depository Tr. & Clearing Corp.*, 539 F.3d 1159, 1163 (9th Cir. 2008). NSCC provides central counterparty clearance and settlement services, guaranteeing payment and delivery of securities between its members for virtually all transactions in equities and other types of securities in the United States. *Id.* In these roles, DTC and NSCC are each registered with and regulated by the Securities and Exchange Commission ("SEC") as a registered clearing agency and a self-regulatory organization ("SRO"). *See generally Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 776-77 (8th Cir. 2009); *Whistler*, 539 F.3d at 1163. DTCC itself does not process securities transactions, nor does DTCC clear or settle transactions. *See In re January 2021 Short Squeeze Trading Litig.*, No. 21-2989-MDL, 2021 WL 5359731, at *2 n.7 (S.D. Fla. Nov. 17, 2021). Those functions are performed by DTC and NSCC. See *id.*[2]  As SROs regulated by the SEC, DTC and NSCC are entitled to absolute immunity for all "conduct 'aris[ing] out of the discharge of its duties under the Exchange Act.'" *Dexter v. Depository Tr. & Clearing Corp.*, 406 F. Supp. 2d 260, 264 (S.D.N.Y. 2005) (quoting *D'Alessio v. N.Y. Stock Exch.*, 258 F.3d 93, 104 (2d Cir. 2001)), *aff'd*, 219 F. App'x 91 (2d Cir. 2007).

Against this backdrop, DTCC has moved this Court to dismiss the Amended Complaint

---

[2] DTCC interprets allegations in the Amended Complaint concerning it to reference NSCC's and DTC's clearing and settlement functions. Accordingly, for purposes of this motion, unless context suggests otherwise, references to "DTCC" also refer to NSCC and DTC. *See, e.g.*, Am. Compl. ¶ 9 ("Defendant DTCC … operates clearing and settlement systems for U.S. securities markets.").

with prejudice. In its Motion to Dismiss the Amended Complaint, ECF No. 40 [*hereinafter*, "MTD"], DTCC demonstrates that the few conclusory allegations concerning DTCC in the Amended Complaint do not state any claim upon which relief can be granted, and that DTCC's absolute immunity as an SRO means that Plaintiff never will be able to state such a claim.

Because this Court can and should dismiss DTCC with prejudice from this action, the Court should also deny the Motion because Plaintiff plainly cannot establish a likelihood of success on the merits. Also, the Motion makes no showing other than a few conclusory assertions to establish irreparable harm, a balance of equities in favor of Plaintiff, or that the public interest favors Plaintiff's proposed injunction.

Plaintiff's Motion is meritless, and the Court should deny it.

## LEGAL STANDARD

A preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (internal quotation marks omitted). These prerequisites are: (1) a "substantial likelihood of success on the merits"; (2) "irreparable injury" absent an injunction; (3) a balance of the equities in the plaintiff's favor; and (4) that the injunction would not be "adverse to the public interest." *Id.* A plaintiff must satisfy "all four prerequisites." *Brown v. Sec'y, U.S. Dep't of Health & Hum. Servs.*, 4 F.4th 1220, 1225 (11th Cir. 2021), *vacated on other grounds*, 20 F.4th 1385 (11th Cir. 2021) (internal quotation marks omitted). Plaintiff has not met his burden to satisfy any of the four prerequisites.

## ARGUMENT

**I.     The Court Should Deny the Motion Because Plaintiff Fails to Show a Likelihood of Success on the Merits.**

Other than listing DTCC in its "Parties" section, the Amended Complaint alleges only the

following about DTCC:

> 27. Trading in AMC shares during the relevant period was processed through clearing and Settlement systems operated by DTCC.

> 28. Plaintiff alleges that trading volume in AMC shares exceeded the number of legitimately issued shares.

> 29. Upon information and belief, DTCC processed or settled transactions involving Instruments not backed by actual shares.

> 30. To the extent DTCC facilitated settlement of synthetic or unbacked instruments, such Conduct exceeds purely ministerial clearing functions.

Am. Compl. ¶¶ 27-30. As explained in DTCC's Motion to Dismiss the Amended Complaint, Plaintiff has not and cannot state any claim for relief against DTCC. *See* MTD at 6-9. Where a motion to dismiss shows that a complaint's allegations are insufficient to state a claim or that those claims would be barred by immunity, the plaintiff necessarily cannot show a likelihood of success on the merits for the purposes of a contemporaneous preliminary injunction motion. *See, e.g.*, *Taveras v. Young*, No. 6:23-cv-1305-WWB-EJK, 2023 WL 7029620, at *3 (M.D. Fla. Sept. 27, 2023); *Shine v. Bank of Am. N.A.*, No. 1:14-cv-00333-SCJ-RGV, 2014 WL 12042534, at *9 (N.D. Ga. June 6, 2014). Plaintiff's bald assertions in the Motion concerning alleged misrepresentations about "tokenized stocks" made by *other* defendants—but not DTCC—do not add anything substantive to the conclusory allegations against DTCC in the Amended Complaint, which DTCC has demonstrated are insufficient to state a claim. *See* MTD at 6-9. Further, nothing in the Motion casts any doubt that Plaintiff's allegations concern only SRO functions for which DTCC has absolute immunity. *See id.* at 9-11.

Plaintiff has not and cannot show a likelihood of success on the merits.

**II.  The Court Should Deny the Motion on the Independent Grounds that Plaintiff Fails to Meet the Remaining Requirements for Injunctive Relief.**

Plaintiff has also failed to meet his burden to establish the other prerequisites for a

preliminary injunction. "A preliminary injunction requires more than a likelihood of success on the merits—much more." *Brown*, 4 F.4th at 1225. Plaintiff also bears the burden of "clearly establish[ing]" the other prerequisites: irreparable injury, the balance of the equities, and public interest. *Siegel*, 234 F.3d at 1176. "A showing of irreparable injury is the sine qua non of injunctive relief." *Id.* (internal quotation marks omitted).

Here, Plaintiff provides only conclusory bullet points asserting that he satisfies the other prerequisites of a preliminary injunction, but this effort is plainly inadequate. *See* Mot. at 3. Most centrally, Plaintiff's claim is that he lost *money* (approximately $2,000,000 in value of AMC stock), and he seeks as relief *money* damages. *See* Am. Compl. ¶¶ 26, 37-41, 46-47, 59-60; Prayer for Relief, ¶¶ 2-4. Plaintiffs' contrary assertion that money damages are not a sufficient remedy— "[l]oss of fair price discovery cannot be fully remedied by damages"—does nothing to change the nature of his claim. Mot. at 3. Where, as here, an alleged injury is "purely financial in nature," it can be "redressed by money," and this "precludes a finding of irreparable harm." *Commods. & Minerals Enters., Ltd. v. Citibank, N.A.*, No. 12-22333-CIV-UNGARO/TORRES, 2012 WL 12844749, at *5 (S.D. Fla. Aug. 16, 2012) (citing *BellSouth Telecomms., Inc. v. MCIMetro Access Transmis. Servs., LLC*, 425 F.3d 964, 970 (11th Cir. 2005)).

Similarly, Plaintiff fails to show the balance of equities are in his favor through his assertion that "Defendants have no legitimate interest in … [i]ssuing unbacked securities [and] [m]isrepresenting asset backing" whereas "Plaintiff seeks only to prevent unlawful conduct." Mot. at 3; *see, e.g.*, *Sun-Sentinel Co. v. City of Hollywood*, 274 F. Supp. 2d 1323, 1334 (S.D. Fla. 2003) (plaintiffs failing to establish balance of equities). Nor do Plaintiff's vague references to "[m]arket integrity" and "[t]ransparency" show how Plaintiff's proposed injunction would serve the public interest. Mot. at 3; *see, e.g.*, *Sun-Sentinel*, 274 F. Supp. 2d at 1334 (plaintiffs likewise failing to

5

establish favoring the public interest).

The Court should deny the Motion on these additional, independent grounds.

## <u>CONCLUSION</u>

DTCC respectfully requests that this Court deny Plaintiff's Motion.

Dated: April 20, 2026

Respectfully submitted,

*/s/ Curtis Carlson*_____
Curtis Carlson
FBN 236640
**CARLSON & ASSOCIATES, P.A.**
2655 S. Le Jeune Road, Ste. 1108
Coral Gables, FL 33134
(305) 372-9700
carlson@carlson-law.net

Gregory M. Boyle (*pro hac vice*)
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654
(312) 923-2651
GBoyle@jenner.com

*Attorneys for Defendant The Depository*
*Trust & Clearing Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 20, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, thereby serving all counsel of record with active ECF filing status. I further certify that on April 20, 2026, after effectuating electronic filing, I will cause to be served a copy of the foregoing document via email and U.S. mail upon the following:

Donnahue George
1012 N.W. 2nd Street
Fort Lauderdale, FL 33311

Dated: April 20, 2026

/s/ *Curtis Carlson*___
Curtis Carlson