UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-62222-CIV-HUNT

DONNAHUE GEORGE,

Plaintiff,

v.

SAMUEL BANKMAN-FRIED, et al.,

Defendants.

_______________________________/

**ORDER**

THIS CAUSE is before this Court on Defendants' Motions to Dismiss ("Motion"). ECF Nos. 38; 40. Pursuant to the parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment. ECF No. 7. Upon thorough and careful review of the Motions, the entire record, applicable law, and being otherwise fully advised in the premises, the undersigned GRANTS the Motions for the reasons below.

**BACKGROUND**

This case arises out of the collapse of the FTX Group, which "operated two centralized digital asset exchanges where millions of customers bought, sold, and traded digital assets." *In re FTX Trading Ltd.*, No. 22-11068 (KBO), 2025 WL 3008666, at *1 (Bankr. D. Del. Oct. 27, 2025). Plaintiff, proceeding *pro se*, now alleges claims against multiple Defendants sounding in securities fraud, market manipulation, and other civil financial impropriety arising out of said collapse. ECF No. 34.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To meet this 'plausibility standard,' a plaintiff must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Arias v. Integon Nat'l Ins. Co.*, No. 18-22508-CIV-ALTONAGA/GOODMAN, 2018 WL 4407624, at *2–3 (S.D. Fla. Sep. 17, 2018) (quoting *Iqbal*, 556 U.S. at 678). In considering a motion to dismiss, "the complaint must be construed in a light most favorable to the plaintiff and the factual allegations taken as true." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Unsupported allegations and conclusions of law, however, will not benefit from this favorable reading. *See Iqbal*, 556 U.S. at 679.

## DISCUSSION

This is Plaintiff's second bite at the apple, after his initial Complaint was dismissed as a shotgun pleading that failed to state a claim against any Defendant. However, given Plaintiff's *pro se* status, the Court granted leave to amend. Plaintiff has since done so, and Defendants Financial Industry Regulatory Authority, Inc. ("FINRA") and the Depository Trust & Clearing Corporation ("DTCC") have again filed Motions to Dismiss Plaintiff's claims. Plaintiff has not responded to Defendants' motions.

This Court initially agreed with Defendants FINRA and DCCC that Plaintiff in his first complaint failed to adequately demonstrate how he can bring a claim against either of them given their immunity from such suits. ECF No. 33. As the undersigned previously

noted, FINRA has absolute immunity in the performance of its "statutorily delegated adjudicatory, regulatory, and prosecutorial functions." *Weissman v. Nat'l Ass'n of Sec. Dealers, Inc.*, 500 F.3d 1293, 1296 (11th Cir. 2007); *see also Xu v. Fin. Indus. Regul. Auth. Inc.*, 503 F. App'x 7, 8 (2d Cir. 2012) ("As an SRO, FINRA and its officers are entitled to absolute immunity from private damages suits in connection with the discharge of their regulatory responsibilities." (internal quotation and citation omitted)). Such immunity also applies to Defendant DTCC. *Hofman v. Fid. Brokerage Servs., LLC,* No. 223CV00881MCSPVC, 2023 WL 3872564, at *8 (C.D. Cal. May 8, 2023) (dismissing claims against FINRA and DTCC on immunity grounds). The undersigned also noted that it did not appear that Plaintiff could directly sue FINRA given that there is "no private right of action against FINRA (or its employees) for its regulatory acts—including entering regulatory settlements." *Mohlman v. Fin. Indus. Regul. Auth., Inc.*, No. 3:19-CV-154, 2020 WL 905269, at *5 (S.D. Ohio Feb. 25, 2020), *aff'd on other grounds*, 977 F.3d 556 (6th Cir. 2020).

This Court previously found that Plaintiff's conclusory allegations fell short of overcoming Defendants' immunity or his lack of standing to sue them. Plaintiff's Amended Complaint does not appear to have corrected this error, and Plaintiff has not responded to explain any defect in Defendants' renewed arguments.[1] The undersigned therefore once again finds that Plaintiff has not stated, and likely cannot state, a claim against either FINRA or DTCC.

[1] The Local Rules of the Southern District of Florida state that "each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion," and "[f]ailure to do so may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c)(1). Because Plaintiff failed to respond, Defendants' Motions may be granted by default.

The Court also in its previous dismissal explained that Plaintiff's Complaint failed to comply with both Fed. R. Civ. P. 8(a) and 10(b), in that it was a shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Courts have generally identified four types of shotgun pleadings.

> The most common type . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland,* 792 F.3d at 1321–23 (footnotes omitted).

The undersigned initially found that Plaintiff's Complaint fell into the fourth category of shotgun pleadings, in that he fails to adequately identify with any specificity which Defendants are responsible under any of the multiple Counts and fails to properly identify the particular laws Defendants are alleged to have violated. Plaintiff does in his Amended Complaint appear to have attempted to somewhat define the actions of the various Defendants, but once again ultimately lumps Defendants into various groups acting in concert, thus failing to give any of the individual defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland,* 792 F.3d at 1323 (footnotes omitted). Plaintiff's Complaint must therefore again be dismissed as a shotgun pleading.

Due to the foregoing issues, Defendants' Motions to Dismiss will be granted and Plaintiff's Amended Complaint will be dismissed. Given Plaintiff's repeated failure to adequately state a claim, as well as his failure to respond in any way to Defendants' Motions to Dismiss, the undersigned does not grant further leave to amend the Complaint.

**CONCLUSION**

Accordingly, it is hereby ORDERED and ADJUDGED that:

- Defendants' Motions to Dismiss, ECF Nos. 38; 40, are GRANTED;
- The Amended Complaint, ECF No. 34, is DISMISSED as to all Defendants;
- All pending motions in this case are accordingly DENIED AS MOOT.

DONE AND ORDERED at Fort Lauderdale, Florida this 2nd day of October 2026.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:

Donnahue George
1012 NW 2nd Street
Fort Lauderdale, FL 33311
PRO SE

All counsel of record